IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of Theresa Tran and Chicago AquaLeisure, LLC, individually and as owners and/or owner pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. _____ |

**COMPLAINT IN ADMIRALTY FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW COME Limitation Plaintiffs Theresa Tran and Chicago AquaLeisure, LLC (hereinafter, individually, a "Limitation Plaintiff", and collectively, the "Limitation Plaintiffs"), as, respectively, owner and owner *pro hac vice* of the 2003 Four Winns 348 Vista, 37' LOA, (Hull Identification Number: GFNCY00CE203, Illinois Registration: IL3097KJ, hereinafter, the "Limitation Vessel"), in this action for exoneration from or limitation of liability arising from an accident that occurred on August 13, 2022 on Lake Michigan, near an area commonly known as "The Playpen" in Chicago, Illinois (hereinafter, "the Accident"), and alleges as follows:

1. This is an action for exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 e*t seq*. and is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F, Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

1

2. Limitation Plaintiff Chicago AquaLeisure, LLC, is, and at all times relevant to this action was, a business entity doing business within Cook County, in the State of Illinois, and was the owner and/or owner *pro hac vice* of the vessel La AquaVida (hereinafter, "AQUAVIDA")

3. Limitation Plaintiff, Theresa Tran, individually, and as owner and/or owner *pro hac vice* of AQUAVIDA was at all times relevant to this action, residing within Cook County, in the State of Illinois, and is or is alleged to be the legal and equitable owner of AQUAVIDA, GFNCY00CE203, a 37-foot, fiberglass hulled, 131,000-pound vessel, which was at times relevant to this action located within the jurisdictional waters of Cook County in the State of Illinois. As alleged below, the vessel is moored at Belmont Harbor, Slip A19, under the control of the Chicago Park District.

4. Limitation Plaintiffs are informed and believe and thereon allege that approximately twelve passengers ("Passengers") and one independent Captain ("Captain") were on board AQUAVIDA at the time of the incident on August 13, 2022.

5. AQUAVIDA was rented from the Plaintiff during the time of this incident. No Limitation Plaintiff and/or employee of any Limitation Plaintiff was present on the vessel at the time of the incident on August 13, 2022.

6. At the time of the incident, the AQUAVIDA was captained and operated by a licensed United States Coast Guard ("USCG") captain by the name of Joseph Neverauskas.

7. Captain Neverauskas was selected and was to be paid by the boat renter(s). Limitation Plaintiffs had no direction or control over Captain Neverauskas during the charter.

8. The vessel was rented pursuant to a bareboat charter agreement where the renters took over dominion and control of the vessel as required by USCG in order for it to be a legal charter.

9. The vessel was rented earlier on August 13, 2022, from 10 am to 2:00 pm, by another renter, with no issues.

10. Upon information and belief, multiple persons not associated with the passengers or crew of AQUAVIDA, including LANA BATOCHIR, MARIJA VELKOVA and unknown individuals (hereinafter DOES), were on a raft near the vessel, at all-time relevant to this action, and were injured as a result of the below-described incident with AQUAVIDA and are potential claimants in this action.

11. Limitation Plaintiffs are unaware of the true names and identities of fictitiously named DOES 1 through 20, inclusive, and therefore sue them under such fictitious names.

12. Following the incident on August 13, 2022, the vessel was transported to Belmont Harbor, Slip A19, in Chicago, Illinois.

13. At all relevant times, Limitation Plaintiffs used reasonable care to make AQUAVIDA seaworthy, and she was, at all relevant times, tight, staunch, and strong, fully and properly equipped and supplied and in all respects seaworthy and fit for service in which she was engaged.

14. On August 13, 2022, at approximately 2:30 pm, AQUAVIDA's voyage commenced in Chicago, Illinois with 12 passengers and the Captain on board for a chartered trip on the navigable waters of Lake Michigan, off the coast of Oak Street Beach in Chicago, Illinois, in the area commonly referred to as "The Playpen". AQUAVIDA had no cargo onboard, and was under charter for the voyage within the meaning of Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 e*t seq*.

15. On information and belief, at approximately 5:00 PM on August 13, 2022, while AQUAVIDA was on the navigable waters of Lake Michigan off the coastline of Chicago, Illinois, in the "Playpen," BATOCHIR, VELKOVA and DOES were on a raft attached to a vessel also located in the "Playpen."

16. While in the "Playpen", Captain Neveraskaus was backing-up AQUAVIDA when he ran over the aforementioned raft, allegedly resulting in injuries of BATOCHIR, VELKOVA, and DOES.

17. Limitation Plaintiffs are informed and believe and thereon allege that no individual has filed suit against Limitation Plaintiffs, or either of them, for alleged personal injuries, property loss, death, damages, and/or losses as a result of the incident described in Paragraphs 15 and 16.

18. On information and belief, one or more of the Passengers, *viz.* BATOCHIR, VELKOVA or DOES, have submitted a written or other notice that they may assert claims and/or bring a suit for alleged injuries and/or property damages arising from the aforementioned incident.

19. The aforementioned incident and all consequent alleged injuries, damages and deaths occurred without the fault, privity or knowledge on the part of Limitation Plaintiffs, and was not caused or contributed to by any negligence, fault or knowledge on the part of Limitation Plaintiffs, or anyone for whom the Limitation Plaintiffs may be responsible, at or prior to the commencement of the above-described voyage.

20. Limitation Plaintiffs desire to invoke the benefits of exoneration from liability or in the alternative limitation of liability as provided by 46 U.S.C. § 30501 e*t seq*., and in the same proceeding Limitation Plaintiffs desire to contest their liability and the liability of AQUAVIDA for any alleged loss or damages arising out of the aforesaid incident.

21. The fair market value of the AQUAVIDA at the end of the subject voyage is estimated to be $71,637.00 dollars. A true and correct copy of an Affidavit of Marine Surveyor Michael Hunter is attached to this Complaint as Exhibit 1.

22. Pending any further appraisal of the value of each of the Limitation Plaintiffs' interest in the AQUAVIDA, the Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of any forthcoming claimants, in the amount of $71,637.00, with interest at six percent (6%) per annum from the date hereof, as the amount of the owners' interest in the vessel and pending freight as required by Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

23. In addition, the Limitation Plaintiffs are also depositing with the Court, coincident with the filing of its Limitation Complaint, an Ad Interim Stipulation for Costs in the sum of One Thousand Dollars and 00/100 ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1) and Local Rule of Admiralty E.1(a).

24. Not more than six months has elapsed between Limitation Plaintiffs' receipt of notice of any written claim or suit arising out of the aforementioned incident and the filing of this action for exoneration from or limitation of liability.

WHEREFORE, Limitation Plaintiffs pray as follows:

1. That the Court enter an Order approving the above-described Ad Interim Stipulation of Value, in the amount of Seventy One Thousand and Six Hundred Thirty Seven Dollars 00/100 ($71,637.00), plus interest, for which the Limitation Plaintiffs deposit with the Court as security for the total value of their interest in the AQUAVIDA, and also approving the Stipulation for Costs in the amount of One Thousand Dollars 00/100 ($1,000.00) (U.S.);

2. That the Court enter an Order directing the issuance of Notice and a monition to all person asserting claims against Limitations Plaintiffs and/or AQUAVIDA with respect to the incident and for which this Complaint seeks exoneration from, or limitation of, liability, admonishing them to file their respective claims with the Clerk of this Court, to serve a copy thereof on the attorneys for Plaintiffs, and to appear and answer the allegations of this Complaint, on or before a date to be fixed by the Court in the notice;

3. That the Court enter an Order directing the execution of the monition and publication of notice thereof in such newspapers as the Court may direct, once a week for four (4) consecutive weeks prior to the date fixed by the Court for the filing of such claims, all as provided for in the law and Rule F(4) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims;

4. That the Court, upon issuance of the monitions, enter an Order restraining the prosecution of any and all suits against Limitation Plaintiffs and/or AQUAVIDA, which may have been already commenced by any person or entity to recover damages or seek discovery as a result of the incident on or about August 13, 2022, and for which this Complaint seeks exoneration from, or limitation of liability and restraining the commencement and prosecution of any additional or unknown lawsuits, whether new or old, or any legal proceedings, against Limitation Plaintiffs and/or AQUAVIDA, with respect to any claims arising from the incident, and for which this Complaint seeks exoneration from, or limitation of, liability;

5. That the Court permit Limitation Plaintiffs to contest their liability, if any, for all injuries and/or damages and/or deaths arising out of the incident of August 13, 2022, and for which this Complaint seeks exoneration from, or limitation of, liability, and that this Court, in this proceeding, adjudge the Limitation Plaintiffs and AQUAVIDA, to be completely exonerated from

liability arising out of the incident on August 13, 2022, and for which this Complaint seeks exoneration from liability, or limitation of liability, and that no liability exists on the part of Limitation Plaintiffs and AQUAVIDA for any injuries or damages resulting from the incident of August 13, 2022, and for which this Complaint seeks exoneration from, or limitation of, liability;

6. In the event it is found by this Court that liability exists on the part of Limitation Plaintiffs or AQUAVIDA, by reason of the injuries and damages and deaths, the Court adjudge that such liability shall in no case exceed the amount of value of Limitation Plaintiffs' interest in AQUAVIDA, if any, as the same existed immediately following the incident, and that a decree be made discharging Limitation Plaintiffs from any further liability beyond that amount; and

7. That Limitation Plaintiffs receive such other and further relief as this Court may deem just and proper under the circumstances.

Dated: November 18, 2022.                    Respectfully Submitted,

                                                                             /s/ Robert J. Franco
                                            One of the Attorneys for the Limitation Plaintiffs Chicago AquaLeisure, LLC and Theresa Tran

Robert J. Franco
John J. Moroney
Randall W. Slade
Franco Moroney Buenik, LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661-2510
(312) 469-1000
Robert.franco@francomoroney.com
John.moroney@francomoroney.com
Randall.slade@francomoroney.com