IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of Theresa Tran and Chicago AquaLeisure, LLC, individually and as owners and/or owners pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. 1:22-cv-6478 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs THERESA TRAN and CHICAGO AQUALEISURE, LLC (hereinafter "PLAINTIFFS"), as owners and/or owners *pro hac vice* of the vessel LA AQUAVIDA, Official Number GFNCY003E203 (hereinafter "AQUAVIDA"), having filed a complaint under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*., and for their Memorandum of Points and Authorities in support of their Motion for Approval of Stipulation for Value and Costs, (2) Order Restraining All Suits and Directing Monition to Issue, and (3) Order Directing Monition and Publication of Notice, state as follows:

I.  INTRODUCTION

This is an action by Plaintiffs Chicago AquaLeisure, LLC and Theresa Tran (hereinafter "PLAINTIFFS"), as owners and/or owners pro hac vice of the vessel AQUAVIDA, 2003 Four Winns 348 Vista, 37' LOA, (Hull Identification Number: GFNCY00CE203, Illinois Registration: IL3097KJ (hereinafter "AQUAVIDA"), for exoneration from, or limitation of, vessel owner's liability pursuant to 46 U.S.C. §30501 et seq. Section 30505(a) provides that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the

value of the vessel and pending freight." 46 U.S.C. §30505(a). Subsection (b) provides that "claims, debts, and liabilities subject to limitation under subsection (a) are those arising from . . . any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. §30505(b).

Furthermore, USC § 30505. Supplemental Rule F(2) states that a complaint for limitation of liability "may demand exoneration from as well as limitation of liability." A vessel owner is entitled to exoneration under the Act if the owner, the vessel, and crew are free of fault. *In re Cleveland Tankers, Inc.,* 67 F.3d 1200, 1203 (6th Cir. 1995).

In this case, the Plaintiffs are clearly entitled to exoneration from liability pursuant to the Limitation of Liability Act as any injuries and/or acts causing injuries occurred without the knowledge, privity, or fault of the Plaintiffs. Plaintiffs filed their Complaint for Exoneration From Liability or Limitation of Liability on November 18, 2022. As set forth more fully in the Complaint, on August 13, 2022, the AQUAVIDA was operated by a licensed United States Coast Guard Captain, Joseph Neverauskas, who was not an employee of the Plaintiffs. The captain was hired and selected independently by the boat renters pursuant to a bareboat charter agreement. Under the bareboat agreement Plaintiffs' obligation was to tender a seaworthy vessel fit for the voyage. It was the boat renters' duty to hire and pay for their own captain and crew to operate the vessel.

On the aforementioned date, Neverauskas was operating the AQUAVIDA in an area known as the "Playpen" off the coast of Oak Street Beach, near where LANA BATOCHIR, MARIJA VELKOVA and other unknown individuals (hereinafter DOES), were on a raft. Approximately around 5:00 pm, while operating the vessel, Neveraskaus began reversing the

2

AQUAVIDA in the "Playpen," when he backed over the aforementioned raft, allegedly resulting in injuries to BATOCHIR, VELKOVA, and DOES. When alleged injuries result from the conduct of the captain outside the knowledge of the vessel owner, the owner will be entitled to exoneration pursuant to the Limitation of Liability Act because the captain's actions are outside the knowledge, privity, or fault of the owner. 46 U.S.C. §30505(b); *Matter of Complaint of Ingram Barge Co.*, 219 F. Supp. 3d 749, 823 (N.D. Ill. 2016), *aff'd sub nom. Alexander v. Ingram Barge Co.,* 876 F.3d 269 (7th Cir. 2017). This is clearly the case as the Plaintiffs were innocent boat owners. Plaintiffs were not on board the vessel and had no control over Neveraskaus' when he backed over the putative claimants. Therefore, the Plaintiffs are entitled to exoneration of liability pursuant to the Limitation of Liability Act. *See also In re Complaint of Caribbean Sea Transport, Ltd.*, 748 F.2d 622, 626 (11th Cir. 1984), *modified on other grounds*, 753 F.2d 948 (11th Cir. 1985).

In the event that exoneration is somehow not granted,, the ship owner is entitled to limitation of liability if the ship owner had no knowledge of or privity to the ship's negligence or unseaworthiness. *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636, 642 (6th Cir. 1982). In the current case, the boat was not the cause of the injuries and due to their lack of involvement, knowledge or privity which led to the negligence that caused injuries to the putative claimants, Plaintiffs are entitled to limitation of liability to the post incident value of the vessel pursuant to the Limitation of Liability Act.

The procedural requirements of a limitation action have been codified in the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). In particular, the Court's attention is called to Supplemental Rules F(1) through F(9).

Pursuant to the Supplemental Rules, concurrently with the filing of the Complaint, PLAINTIFFS lodged with the Court five additional documents entitled:

1. Stipulation for Value and Costs;
2. Motion for Approval of Stipulation of Value and Costs, Order Directing Monition to Issue Order Restraining All Suits and Monition to Issue (the "Approval Motion");
3. Order Accepting Security (attached to the Approval Motion);
4. Order Restraining All Suits, Directing Execution of Monition and Publication of Notice (attached to the Approval Motion);
5. Notice of Complaint for Exoneration from or Limitation of Liability (attached to the Approval Motion).

From the outset, it should be noted that the above-referenced documents are designed to comply with and effectuate the procedural requirements of Supplemental Rules F(1) through (4). Those rules, together with the lodged documents, are designed to ensure that all potential claimants are brought into this proceeding. Any claimant will have an opportunity to contest the sufficiency of these documents upon application to the Court. Accordingly, there are no defendants at this time. Upon the filing of a claim or claims in response to those documents, and/or an answer or answers to PLAINTIFFS' Complaint, the claimants will become, in effect, the defendants and this action will proceed.

II. **ARGUMENT**

   a. **This Court has Exclusive Jurisdiction over PLAINTIFFS' Complaint for Limitation.**

The Limitation of Liability Act, 46 U.S.C. §30501 et seq., creates a system whereby the liability of the owner of a vessel is limited to the value of the owner's interest in the vessel. Limitation of liability proceedings are governed by the Federal Rules of Civil Procedure generally and by Rule F of the Supplemental Rules specifically. Staring, Graydon S., *Limitation Practice and Procedure*, 53 Tul. L. Rev. 1134, 1137-38 (June 1979). While Supplemental Rule F addresses many of the distinctive features of a limitation proceeding, "the limitation procedure can be said

4

to be founded almost entirely upon jurisprudence and practice." *Id.* at 1137. A limitation proceeding is admittedly "unusual" and "unique," but is an integral part of admiralty law. Limitation of vessel owner liability dates back to medieval sea codes, and the concept of limitation of liability is found in the law of virtually every nation. Schoenbaum, Thomas J., *Admiralty and Maritime Law*, §14-1, at 480-81 (1987). In 1851 Congress laid the foundation for the present system of limitation of liability by enacting the Limitation of Shipowners' Liability Act, however the origins of limitation of liability can be traced much further back to English admiralty law during the 1700s. *Id.* at 480 -81.

When the Admiralty Rules merged with the Federal Rules of Civil Procedure in 1966, the terminology used to refer to the parties in actions under the Limitation of Liability Act changed. 3 *Benedict on Admiralty*, §1, at 1-3 - 1-4 (7th ed. 1975). Before the merger, those seeking to limit their liability filed "petitions" to limit liability and were referred to as "petitioners." *Id*. Those seeking to limit their liability now file "complaints" and are referred to as a "complainants" or "plaintiffs-in-limitation." *Id.* However, the parties in a limitation action should not be confused with those in a traditional plaintiff-defendant scenario. *Id.* While the nature and terminology of an admiralty law limitation of liability action are unique, the Federal Rules of Civil Procedure nonetheless apply in the same manner as in an action at law.

Only a United States District Court can adjudicate the issue of a vessel owner's right to limitation of liability. *Ex Parte Green*, 286 U.S. 437, 439-440 (1932) ("It is clear from our opinion that the state court has no jurisdiction to determine the question of the owners' right to a limited liability"). *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996). Therefore, this Court has exclusive jurisdiction over Plaintiffs' Complaint for limitation.

    b.  **The Stipulation for Value and Costs Should Be Approved.**

Supplemental Rule F(1)(a) provides, in pertinent part: "The owner [ ] shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight... The [owner] shall also give security for costs." Supplemental Rule F(1)(a). *See also* 46 USC 30511(b)(1).

The phrase "Stipulation for Value" is a traditional term used in maritime limitation of liability actions. The word "stipulation" does not connote a final decision on the value of the vessel, nor is it a stipulation between the parties as to the value of the vessel. It is only a preliminary determination as to the vessel's value, based solely on the Plaintiffs' good faith estimate and the allegations of the Complaint. Upon filing a claim, any claimant may contest the sufficiency of the "limitation fund" as set forth in Supplemental Rule F(7):

> Any claimant may by motion demand that the funds deposited in court or the security given by the [vessel owner] be increased on the ground that they are less than the value of the [owner's] interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the [owner's] interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction. Supplemental Rule F(7).

As alleged in the Complaint, The fair market value of the AQUAVIDA at the end of the voyage is estimated to be $71,637.00 dollars. As such, the value of the vessel for purposes of the Stipulation for Value is $71,637.00 dollars. Plaintiffs have agreed to pay the sum of $1,000 pursuant to 46 USC 30511 and Supplemental Rule F(1) as Security for Costs upon order of the Court. This is the first procedural step in a limitation action and a condition precedent to the issuance of the monition and restraining order.

    c. **The Restraining Order and Monition Should Issue**

The document entitled "Order Restraining All Suits and Directing Monition to Issue" is designed to comply with and effectuate the procedural requirements of Supplemental Rules F(3) and (4), and is the second procedural step in a limitation action.

First, in regard to the restraining order, the Court's attention is directed to Supplemental Rule F(3):

> Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question <u>shall</u> cease. On application of the [vessel owner] the court shall enjoin the further prosecution of any action or proceeding against the [vessel owner] or the [vessel owner's] property with respect to any claim subject to limitation in the action.

Supplemental Rule F(3) (emphasis added). *See also* 46 USC 30511(c). Thus, although the restraining order may later be lifted, or modified, in the first instance it must be granted. Moreover, despite the extraordinary appearance of this request, PLAINTIFFS are merely seeking, procedurally, that to which they are entitled to under Supplemental Rule F(3). See 3 Benedict on Admiralty: Limitation of Liability §81 ("The Injunction").

Second, in regard to the monition, the Court's attention is directed to Supplemental Rule F(4):

> Upon the owner's compliance with subdivision (1) of this rule the court <u>shall</u> issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, <u>admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the [vessel owner] a copy thereof on or before a date to be named in the notice</u>.

Supplemental Rule F(4) (emphasis added). Simply put, the monition is a mandatory order admonishing all claimants to present their claims in this action and/or to answer the Complaint on or before a certain date. 3 Benedict on Admiralty: Limitation of Liability §80 at p.8-111 ("The

7

Monition"). The remaining two documents, discussed in the next section, are the means by which the Court gives formal notice to the world that this limitation proceeding has commenced and that all claims subject to limitation must be made herein.

    d.  **Public Notice of this Action and the Court's Monition Should be Ordered.**

The documents entitled "Order Directing Execution of Monition and Publication of Notice" and "Notice of Complaint for Exoneration from or Limitation of Liability," are the final step in effectuating the procedural requirements of Supplemental Rules F(3) and (4). In particular, the Court's attention is called to Supplemental Rule F(4) which provides, in pertinent part, as follows:

> Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation... The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.

The document entitled "Order Directing Execution of Monition and Publication of Notice" is an Order by the Court designed to execute and give notice of the monition in accordance with the foregoing provisions. The proposed Order directs the PLAINTIFFS to publish notice of this action and the Court's monition in the form of the document entitled "Notice of Complaint for Exoneration from or Limitation of Liability." That document complies with the requirements of Rule F(4) and is similar to documents set forth in Benedict. See 3 Benedict on Admiralty: Limitation of Liability §80 at p.8-113 through 8-115 ("Form Nos. 80-2 and 80-3").

Procedurally, the PLAINTIFFS will be presented with the Order and a copy of the Notice. The PLAINTIFFS can then publish the Notice as directed by the Court. Until these documents have been executed by the Court, PLAINTIFFS have no authority to present the Notice for publication.

**III.     CONCLUSION**

Simultaneously with the filing of the Complaint over which this Court has exclusive jurisdiction, PLAINTIFFS lodged with the Court five additional documents, each designed to fulfill the procedural requirements of a limitation action as set forth in Rules F(1) through (9) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Each document complies with requirements of the corresponding rule and is similar to the forms traditionally used in such proceedings as set forth in the leading admiralty treatise, Benedict on Admiralty.

Thus, it is respectfully requested that the Court issue the requested Orders.

Dated:  November 21, 2022.                                              Respectfully Submitted,

                                                                                         /s/ Robert J. Franco
                                                                                    One of the Attorneys for the Limitation Plaintiffs Chicago AquaLeisure, LLC and Theresa Tran

Robert J. Franco
John J. Moroney
Randall W. Slade
Franco Moroney Buenik, LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661-2510
(312) 469-1000
Robert.franco@francomoroney.com
John.moroney@francomoroney.com
Randall.slade@francomoroney.com