# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| THERESA TRAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> John Doe, et al. <br><br> Defendants. | Case No. 1:22-cv-06478 <br> Honorable Joan B. Gottschall <br><br> **CLAIMANT DEMANDS TRIAL BY JURY** |

## CLAIMAINT LANA BATOCHIR'S ANSWER TO COMPLAINT IN ADMIRALTY FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COMES the Claimant, LANA BATOCHIR, by and through her undersigned attorneys, and for her Answer to the Complaint in Admiralty for Exoneration From or Limitation of Liability filed by Plaintiffs, THERESA TRAN and CHICAGO AQUALEISURE, LLC, states as follows:

> 1. This is an action for exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 *et seq.* and is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F, Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**RESPONSE: Plaintiffs' Complaint speaks for itself; the allegations in Paragraph No. 1 set forth legal conclusions and questions of law pertaining to subject matter jurisdiction. To the extent an answer is required, Claimant admits Plaintiffs' Complaint in Admiralty for Exoneration From or Limitation of Liability alleges as such.**

2. Limitation Plaintiff Chicago AquaLeisure, LLC, is, and at all times relevant to this action was, a business entity doing business within Cook County, in the State of Illinois, and was the owner and/or owner *pro hac vice* of the vessel La AquaVida (hereinafter, "AQUAVIDA").

**RESPONSE: Upon information and belief, Claimant admits that Chicago AquaLeisure, LLC is and was a business entity doing business within Cook County, in the State of Illinois. The remaining allegations in Paragraph No. 2 set forth legal conclusions and questions of law. To the extent an answer is required for the remaining allegations in Paragraph No. 2, Claimant denies the remaining allegations in Paragraph No. 2 and demands strict proof thereof.**

3. Limitation Plaintiff, Theresa Tran, individually, and as owner and/or owner *pro hac vice* of AQUAVIDA was at all times relevant to this action, residing within Cook County, in the State of Illinois, and is or is alleged to be the legal and equitable owner of AQUAVIDA, GFNCY00CE203, a 37-foot, fiberglass hulled, 131,000-pound vessel, which was at times relevant to this action located within the jurisdictional waters of Cook County in the State of Illinois. As alleged below, the vessel is moored at Belmont Harbor, Slip A19, under the control of the Chicago Park District.

**RESPONSE: Upon information and belief, Claimant admits that Theresa Tran does, and did, reside in Cook County, in the State of Illinois. Claimant further admits Theresa Tran is alleged to be the legal and equitable owner of the AQUAVIDA. Claimant further admits that the AQUAVIDA was at times relevant located within waters of Cook County in the State of Illinois. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 3, and therefore Claimant denies the remaining allegations in Paragraph No. 3 and demands strict proof thereof.**

4. Limitation Plaintiffs are informed and believe and thereon allege that approximately twelve passengers ("Passengers") and one independent Captain ("Captain") were on board AQUAVIDA at the time of the incident on August 13, 2022.

**RESPONSE: Upon information and belief, Claimant admits that the AQUAVIDA was captained by at least one person at the time of the incident. The remaining allegations in Paragraph No. 4 set forth legal conclusions and questions of law. To the extent an answer is required for the remaining allegations in Paragraph No. 4, Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 4, and therefore Claimant denies the remaining allegations in Paragraph No. 4 and demands strict proof thereof.**

5. AQUAVIDA was rented from the Plaintiff during the time of this incident. No Limitation Plaintiff and/or employee of any Limitation Plaintiff was present on the vessel at the time of the incident on August 13, 2022.

**RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 5, and therefore Claimant denies the remaining allegations in Paragraph No. 5 and demands strict proof thereof.**

6. At the time of the incident, the AQUAVIDA was captained and operated by a licensed United States Coast Guard ("USCG") captain by the name of Joseph Neverauskas.

**RESPONSE: Upon information and belief, Claimant admits that the AQUAVIDA was operated by at least one person named Joseph Neverauskas. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 6, and therefore Claimant denies the remaining allegations in Paragraph No. 6 and demands strict proof thereof.**

> 7. Captain Neverauskas was selected and was to be paid by the boat renter(s). Limitation Plaintiffs had no direction or control over Captain Neverauskas during the charter.

**RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about whether Joseph Neverauskas was selected by boat renter(s) or was to be paid by boat renter(s) and therefore denies the same and demands strict proof thereof. The remaining allegations in Paragraph No. 7 set forth legal conclusions and questions of law. To the extent an answer is required for the remaining allegations in Paragraph No. 7, Claimant denies the remaining allegations in Paragraph No. 7.**

> 8. The vessel was rented pursuant to a bareboat charter agreement where the renters took over dominion and control of the vessel as required by USCG in order for it to be a legal charter.

**RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about whether the vessel was rented pursuant to a bareboat charter agreement, or the terms of the alleged agreement, and therefore denies the allegations in Paragraph No. 8 and further denies any remaining allegations in Paragraph No. 8.**

> 9. The vessel was rented earlier on August 13, 2022, from 10 am to 2:00 pm, by another renter, with no issues.

**RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 9, and therefore Claimant denies the allegations in Paragraph No. 9.**

> 10. Upon information and belief, multiple persons not associated with the passengers or crew of AQUAVIDA, including LANA BATOCHIR, MARIJA VELKOVA and unknown individuals (hereinafter DOES), were on a raft near the vessel, at all-time relevant to this action, and were injured as a result of the below-described incident with AQUAVIDA and are potential claimants in this action.

**RESPONSE: Claimant admits that on or about August 13, 2022, she was on a raft in the area commonly known as the playpen in Lake Michigan located near or around**

approximately 800 Lake Shore Drive, in the City of Chicago, County of Cook and State of Illinois. Claimant further admits that at said time and place, the AQUAVIDA made contact with the raft on which Claimant was situated, resulting in injuries to Claimant. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 10, and therefore Claimant denies the remaining allegations in Paragraph No. 10 and demands strict proof thereof.

> 11. Limitation Plaintiffs are unaware of the true names and identities of fictitiously named DOES 1 through 20, inclusive, and therefore sue them under such fictitious names.

RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 11, and therefore Claimant denies the allegations in Paragraph No. 11 and demands strict proof thereof.

> 12. Following the incident on August 13, 2022, the vessel was transported to Belmont Harbor, Slip A19, in Chicago, Illinois.

RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 12, and therefore Claimant denies the allegations in Paragraph No. 12 and demands strict proof thereof.

> 13. At all relevant times, Limitation Plaintiffs used reasonable care to make AQUAVIDA seaworthy, and she was, at all relevant times, tight, staunch, and strong, fully and properly equipped and supplied and in all respects seaworthy and fit for service in which she was engaged.

RESPONSE: Claimant denies the allegations in Paragraph No. 13 and demands strict proof thereof.

14. On August 13, 2022, at approximately 2:30 pm, AQUAVIDA's voyage commenced in Chicago, Illinois with 12 passengers and the Captain on board for a chartered trip on the navigable waters of Lake Michigan, off the coast of Oak Street Beach in Chicago, Illinois, in the area commonly referred to as "The Playpen". AQUAVIDA had no cargo onboard, and was under charter for the voyage within the meaning of Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq*.

**RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 14, and therefore Claimant denies the allegations in Paragraph No. 14 and demands strict proof thereof.**

15. On information and belief, at approximately 5:00 PM on August 13, 2022, while AQUAVIDA was on the navigable waters of Lake Michigan off the coastline of Chicago, Illinois, in the "Playpen," BATOCHIR, VELKOVA and DOES were on a raft attached to a vessel also located in the "Playpen."

**RESPONSE: Claimant admits that on or about August 13, 2022, she was on a raft in the area commonly known as the playpen in Lake Michigan located near or around approximately 800 Lake Shore Drive, in the City of Chicago, County of Cook and State of Illinois. Claimant further admits that at said time and place, the AQUAVIDA made contact with the raft that Claimant was situated on, resulting in injuries to Claimant. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 15, and therefore Claimant denies the remaining allegations in Paragraph No. 15 and demands strict proof thereof.**

16. While in the "Playpen", Captain Neveraskaus was backing-up AQUAVIDA when he ran over the aforementioned raft, allegedly resulting in injuries of BATOCHIR, VELKOVA, and DOES.

**RESPONSE: Claimant admits that on or about August 13, 2022, she was on a raft in the area commonly known as the playpen in Lake Michigan located near or around approximately 800 Lake Shore Drive, in the City of Chicago, County of Cook and State of Illinois. Claimant further admits that at said time and place, the AQUAVIDA**

made contact with the raft that Claimant was situated on, resulting in injuries to Claimant. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 16, and therefore Claimant denies the remaining allegations in Paragraph No. 16 and demand strict proof thereof.

> 17. Limitation Plaintiffs are informed and believe and thereon allege that no individual has filed suit against Limitation Plaintiffs, or either of them, for alleged personal injuries, property loss, death, damages, and/or losses as a result of the incident described in Paragraphs 15 and 16.

**RESPONSE: Claimant denies the allegations in Paragraph No. 17.**

> 18. On information and belief, one or more of the Passengers, *viz.* BATOCHIR, VELKOVA or DOES, have submitted a written or other notice that they may assert claims and/or bring a suit for alleged injuries and/or property damages arising from the aforementioned incident.

**RESPONSE: Claimant admits she filed a complaint against persons and/or entities, including THERESA TRAN and CHICAGO AQUALEISURE, LLC, on December 21, 2022, in the Circuit Court of County, Illinois for injuries and damages arising from the occurrence. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph No. 18, and therefore Claimant denies the remaining allegations in Paragraph No. 18 and demands strict proof thereof.**

> 19. The aforementioned incident and all consequent alleged injuries, damages and deaths occurred without the fault, privity or knowledge on the part of Limitation Plaintiffs, and was not caused or contributed to by any negligence, fault or knowledge on the part of Limitation Plaintiffs, or anyone for whom the Limitation Plaintiffs may be responsible, at or prior to the commencement of the above-described voyage.

**RESPONSE: Claimant denies the allegations in Paragraph No. 19 and demands strict proof thereof.**

20. Limitation Plaintiffs desire to invoke the benefits of exoneration from liability or in the alternative limitation of liability as provided by 46 U.S.C. § 30501 *et seq.*, and in the same proceeding Limitation Plaintiffs desire to contest their liability and the liability of AQUAVIDA for any alleged loss or damages arising out of the aforesaid incident.

**RESPONSE: Claimant's right to institute and pursue her suit in state court is preserved under the Saving to Suitors Clause in 28 U.S.C. § 1333, and the interest of judicial efficiency does not trump the right of Claimant to choose her respective fora and corresponding right to a jury trial that a state proceeding may provide.** *In re Illinois Marine Towing*, **498 F.3d 645, 652 (7th Cir. 2007). To the extent an answer is required, Claimant admits that Plaintiffs' Complaint for Exoneration From or Limitation of Liability so alleges such desire, but Claimant denies that Plaintiffs are eligible to claim the benefits of limitation of liability provided by Pub L. 109-304, 120 Stat. 1512-1516, (46 U.S.C. §§ 30501-30512) and the various acts amendatory thereof and supplemental thereto.**

21. The fair market value of the AQUAVIDA at the end of the subject voyage is estimated to be $71,637.00 dollars. A true and correct copy of an Affidavit of Marine Surveyor Michael Hunter is attached to this Complaint as Exhibit 1.

**RESPONSE: Claimant admits the attachment of an Exhibit 1; answering further, the allegations in Paragraph No. 21 set forth legal conclusions and questions of law. To the extent an answer is required, Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 21, and therefore Claimant denies the allegations in Paragraph No. 21. Further, in so answering, Claimant reserves her right to file a motion under Rule F(7) at a later time seeking an appraisement of the value of the AQUAVIDA and pending freight.**

22. Pending any further appraisal of the value of each of the Limitation Plaintiffs' interest in the AQUAVIDA, the Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of any forthcoming claimants, in the amount of $71,637.00, with interest at six percent (6%) per annum from the date hereof, as the amount of the owners' interest in the vessel and pending freight as required by Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

**RESPONSE: The allegations in Paragraph No. 22 set forth legal conclusions and questions of law. To the extent an answer is required, Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 22, and therefore Claimant denies the allegations in Paragraph No. 22. Further, in so answering, Claimant reserves her right to file a motion under Rule F(7) at a later time seeking an appraisement of the value of the Plaintiffs' interest in the AQUAVIDA, pending freight, or the insufficiency of deposit or security.**

23. In addition, the Limitation Plaintiffs are also depositing with the Court, coincident with the filing of its Limitation Complaint, an Ad Interim Stipulation for Costs in the sum of One Thousand Dollars and 00/100 ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1) and Local Rule of Admiralty E.1(a).

**RESPONSE: Claimant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 23, and therefore Claimant denies the allegations in Paragraph No. 23. Further, in so answering, Claimant reserves her right to file a motion under Rule F(7) at a later time seeking an appraisement of the value of the Plaintiffs' interest in the AQUAVIDA, pending freight, or the insufficiency of deposit or security.**

24. Not more than six months has elapsed between Limitation Plaintiffs' receipt of notice of any written claim or suit arising out of the aforementioned incident and the filing of this action for exoneration from or limitation of liability.

**RESPONSE: Upon information and belief, Claimant admits the allegations in Paragraph No. 24.**

WHEREFORE, Claimant LANA BATOCHIR respectfully requests that Plaintiffs' Complaint be dismissed, that all relief sought through it be denied and overruled, and judgment be entered in favor of Claimant and against Plaintiffs for all damages as alleged in Claimant's commensurately filed Claim, together with pre- and post-judgment interest, attorney's fees, and costs.

## CLAIMAINT LANA BATOCHIR'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs-in-Limitation's Complaint and Plaintiffs-in-Limitation cannot seek exoneration or limitation of liability because the facts and circumstances giving rise to any potential claims are not within the admiralty jurisdiction of this Court.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs-in-Limitation's Complaint fails to state a claim for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq.*, or any other claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## Fourth Affirmative Defense

Plaintiff(s)-in-Limitation Theresa Tran and/or Chicago AquaLeisure, LLC is not entitled to either exoneration from or limitation of liability because Plaintiff(s) is not an owner or owner *pro hac vice* of the vessel.

## Fifth Affirmative Defense

Plaintiff(s)-in-Limitation Theresa Tran and/or Chicago AquaLiesure, LLC had privity to and knowledge of acts, events, and conditions constituting negligence and/or unseaworthiness which legally caused the occurrence and Claimant's resultant injuries and damages.

## Sixth Affirmative Defense

Plaintiff(s)-in-Limitation Theresa Tran and/or Chicago AquaLiesure, LLC is not entitled to either exoneration from or limitation of liability because Plaintiff(s) vessel was unseaworthy, not staunch, not tight, not strong, improperly manned, improperly equipped, improperly supplied, defective, and in all respects, unfit for the operational service for which it was engaged, and at all times material, Plaintiff(s)-in-Limitation, directly and/or indirectly, by and through their agents, actual or apparent, employees, and/or servants, had privity and knowledge of the vessel's unseaworthy condition(s) and/or defect(s). Further, Plaintiff(s)-in-Limitation knew or in the exercise of reasonable care should have known that the danger(s) and/or risk(s) associate with the unseaworthy condition(s) and/or defect(s) of the vessel could cause severe injuries to others, including Claimant.

## Seventh Affirmative Defense

Plaintiff(s)-in-Limitation Theresa Tran and/or Chicago AquaLeisure, LLC is not entitled to either exoneration from or limitation of liability because the subject incident and

Claimant's injuries occurred due to the Plaintiff(s)-in-Limitation's negligence, directly or indirectly, by and through their agents, actual or apparent, employees, and/or servants, and at all times material, Plaintiff(s)-in-Limitation had privity and knowledge of their direct negligent conduct or the negligent conduct of their agents, actual or apparent, employees, and/or servants, which caused or contributed to cause the occurrence and Claimant's injuries.

### EIGHTH AFFIRMATIVE DEFENSE

The value of the vessel at the end of the voyage alleged in Paragraphs No. 21 & 22 of Plaintiffs-in-Limitation's Complaint is neither sufficient nor adequate to properly discharge Plaintiffs-in-Limitation's liabilities and obligations, nor does it reflect the correct values required by law. This Court should therefore dismiss Plaintiffs-in-Limitation's Complaint, or failing that, order Plaintiffs-in-Limitation to submit their interests in the vessel and other property for re-evaluation and direct Plaintiffs-in-Limitation to file security or deposit an increased amount to cover the claims herein.

### NINTH AFFIRMATIVE DEFENSE

The value of the limitation fund alleged and proposed by Plaintiffs-in-Limitation is insufficient and inaccurate because it fails to include the pending freight. This Court should therefore dismiss Plaintiffs-in-Limitation's Complaint, or failing that, order Plaintiffs-in-Limitation to submit the value of the pending freight, including the value of the alleged rental contract, their interests in the vessel and other property for re-evaluation and direct Plaintiffs-in-Limitation to file security or deposit an increased amount to cover the claims herein.

### TENTH AFFIRMATIVE DEFENSE

The value of the limitation fund alleged and proposed by Plaintiffs-in-Limitation is insufficient and inaccurate because it fails to include any and all proceeds from any judgment, award or settlement which may be received by the Plaintiffs-in-Limitation from any third party recompense of any losses or damages sustained to the property or interests of Plaintiff(s)-in-Limitation. This Court should therefore dismiss Plaintiffs-in-Limitation's Complaint, or failing that, order Plaintiffs-in-Limitation to submit the value of the value of the proceeds from any judgment, award or settlement which may be received by Plaintiffs-in-Limitation from any third-party recompensing Plaintiffs-in-Limitation of any losses or damages sustained to the property or interests of Plaintiffs-in-Limitation for re-evaluation and direct Plaintiffs-in-Limitation to file security or deposit an increased amount to cover the claims herein.

### ELEVENTH AFFIRMATIVE DEFENSE

The value of the limitation fund alleged and proposed by Plaintiffs-in-Limitation is insufficient and inaccurate because it fails to include any and all proceeds or policies from insurance coverage of the vessel insuring Plaintiff(s)-in-Limitation Theresa Tran and/or Chicago AquaLeisure, LLC. This Court should therefore dismiss Plaintiffs-in-Limitation's Complaint, or failing that, order Plaintiff(s)-in-Limitation to submit the value of the proceeds or policies from insurance coverage of the vessel for re-evaluation and direct Plaintiffs-in-Limitation to file security or deposit an increased amount to cover the claims herein.

## RESERVATION OF RIGHTS

Pursuant to the Savings to Suitors Clause in 28 U.S.C. § 1333(1), and all state law remedies, Claimant, in filing her Claim, Answer, and Affirmative Defenses, reserves all rights to pursue all available claims in the fora of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. Claimant's filing of her Claim, Answer, and Affirmative Defenses, in no way constitutes a waiver of these rights, and Claimant does not, through this filing, agree to join all issues in this proceeding.

Claimant further reserves her right to file sufficient concessions and/or stipulations so as to satisfy the single claimant exception or any of its extensions. *See In the Matter of the Complaint of McCARTHY BROTHERS COMPANY/CLARK BRIDGE, as Owner Pro Hac Vice of Barge No. AEB1 for Exoneration from or Limitation of Liability*, 83 F.3d 821(7th Cir.1996); *Beiswenger Enterprises, Inc. v. Carletta*, 86 F. 3rd 1032, 1039 (11th Cir. 1996); *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 756 (2d Cir.1988); *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 644 (6th Cir.1982); *Universal Towing Co. v. Barrale*, 595 F.2d 414, 420 (8th Cir.1979).

Claimant further reserves her right to contest the appraisal value of the vessel and pending freight, and the adequacy of the security or deposit thereof.

Claimant further reserves her right, upon completion of investigation and discovery, to file such additional defenses as may be appropriate.

WHEREFORE, Claimant LANA BATOCHIR denies that Plaintiffs-in-Limitation Theresa Tran and Chicago AquaLeisure, LLC are entitled to any of the relief requested in their Prayer for Relief, and respectfully requests that the Court dismiss the Complaint in its

entirety and enter judgment in favor of Claimant and against Plaintiffs-in-Limitation, and for such other and further relief as this Court may deem fair and just under the circumstances.

LANA BATOCHIR, Claimant

By: /s/ Michael D. Ditore
Michael D. Ditore, Attorney for Claimant

Thomas A. Demetrio
Michael D. Ditore
Francis P. Murphy
Corboy & Demetrio, P.C.
Attorney for Claimant
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
ARDC # 6312673
Primary E-mail: ccfiling@corboydemetrio.com