# FRANCO MORONEY BUENIK LLC

Franco Moroney Buenik LLC
Attorneys at Law

Accenture Tower
500 West Madison Street
Suite 3900
Chicago, Illinois 60661-2510

Telephone: 312-469-1000
Facsimile: 312-469-1011

www.francomoroney.com

December 20, 2022

Randall W. Slade
(312) 466-7225
Randall.slade@francomoroney.com

**VIA CERTIFIED MAIL**

Thomas A. Demetria
Francis P. Murphy
Michael D. Ditore
Corboy & Demetria, P.C.
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602

> **RE:** *In the Matter of the Complaint of Chicago AquaLeisure, LLC, and Theresa Tran, individually and as owners and/or owners pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability*
> **Case No.:** 1:22-cv-06478
> **Our File No.:** 40236-003 BATO

Dear Counsel,

Please be advised that we represent Chicago Aqualeisure, LLC and Theresa Tran with respect to an incident occurring on August 13, 2022 on Lake Michigan. On November 28, 2022, Judge Joan B. Gottschall of the United States District Court for the Northern District of Illinois entered the enclosed Order which we have been directed to provide to you. You will also find enclosed a copy of the Notice of Complaint for Exoneration from or Limitation of Liability entered by the Clerk of Court on November 29, 2022. The Order and Notice arise out of the Complaint in Admiralty for Exoneration from or Limitation of Liability filed on November 18, 2022, a copy of which is also attached hereto. Pursuant to the Order, any claims shall be filed with the United States District Court on or before January 25, 2023.

Please let me know if you have any questions or need anything further.

Sincerely,

Randall W. Slade

RWS/cak

Enclosures

**EXHIBIT 3**

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.6.3
### Eastern Division

Theresa Tran, et al.
                Plaintiff,

v.
                                        Case No.: 1:22−cv−06478
                                        Honorable Joan B. Gottschall

John Doe
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, November 28, 2022:

      MINUTE entry before the Honorable Joan B. Gottschall: Plaintiffs' motion [7] for approval of stipulation of value and costs, entry of an order restraining all suits and directing monition to issue, and entry of an order directing execution of monition and directing publication of notice is granted. Enter orders. Because Local Rule 83.3 requires publication of notices in a newspaper of general circulation, the accompanying order directs plaintiffs to publish the notice in such a newspaper in addition to the Chicago Daily Law Bulletin. For avoidance of doubt, the accompanying orders also require plaintiffs to mail a copy of the notice to the two potential claimants named in the complaint. As stated in the accompanying orders, claims are due on or before 1/25/2023. A joint initial status report is due on or before 2/8/2023. Mailed notice(mjc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY**

| | |
|---|---|
| In the Matter of the Complaint of Chicago AquaLeisure, LLC, and Theresa Tran, individually and as owners and/or owners pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. 1:22-cv-06478 |

**NOTICE OF COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

NOTICE is hereby given pursuant to Rule F(3) and (4) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rules"), that Chicago AquaLeisure, LLC and Theresa Tran (hereinafter, individually, a "Limitation Plaintiff", and collectively, the "Limitation Plaintiffs"), as, respectively, owner and owner *pro hac vice* of the 2003 Four Winns 348 Vista, 37' LOA, (Hull Identification Number: GFNCY00CE203, Illinois Registration: IL3097KJ have filed a complaint in the above-mentioned Court pursuant to 46 U.S.C. § 30501 et seq., and 28 U.S.C. § 1333, claiming the right to exoneration from or limitation of liability for all claims against them for injury, property loss, or other damage arising out of or resulting from an accident that occurred on August 13, 2022 on Lake Michigan, near an area commonly known as "The Playpen" in Chicago, Illinois.

All persons having such claims and wishing to contest Plaintiffs' complaint must file such claims and answer, if at all, as provided in Rule F of the Supplemental Admiralty Rules, with the

Clerk of this Court, the United States District Court, Northern District of Illinois, located at The Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 and serve copies of them on or mail copies of them to the Plaintiffs' attorneys, Robert J. Franco, John J. Moroney, and Randall W. Slade of Franco Moroney Buenik, LLC, located at 500 West Madison, Suite 3900, Chicago, Illinois, on or before, or be defaulted. A personal appearance is not required.

DATE: 11/29/22

Clerk of the United States District Court
[SEAL]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of Theresa Tran and Chicago AquaLeisure, LLC, individually and as owners and/or owner pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. _____ |

**COMPLAINT IN ADMIRALTY FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW COME Limitation Plaintiffs Theresa Tran and Chicago AquaLeisure, LLC (hereinafter, individually, a "Limitation Plaintiff", and collectively, the "Limitation Plaintiffs"), as, respectively, owner and owner *pro hac vice* of the 2003 Four Winns 348 Vista, 37' LOA, (Hull Identification Number: GFNCY00CE203, Illinois Registration: IL3097KJ, hereinafter, the "Limitation Vessel"), in this action for exoneration from or limitation of liability arising from an accident that occurred on August 13, 2022 on Lake Michigan, near an area commonly known as "The Playpen" in Chicago, Illinois (hereinafter, "the Accident"), and alleges as follows:

1. This is an action for exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 *et seq.* and is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F, Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Limitation Plaintiff Chicago AquaLeisure, LLC, is, and at all times relevant to this action was, a business entity doing business within Cook County, in the State of Illinois, and was the owner and/or owner *pro hac vice* of the vessel La AquaVida (hereinafter, "AQUAVIDA")

3. Limitation Plaintiff, Theresa Tran, individually, and as owner and/or owner *pro hac vice* of AQUAVIDA was at all times relevant to this action, residing within Cook County, in the State of Illinois, and is or is alleged to be the legal and equitable owner of AQUAVIDA, GFNCY00CE203, a 37-foot, fiberglass hulled, 131,000-pound vessel, which was at times relevant to this action located within the jurisdictional waters of Cook County in the State of Illinois. As alleged below, the vessel is moored at Belmont Harbor, Slip A19, under the control of the Chicago Park District.

4. Limitation Plaintiffs are informed and believe and thereon allege that approximately twelve passengers ("Passengers") and one independent Captain ("Captain") were on board AQUAVIDA at the time of the incident on August 13, 2022.

5. AQUAVIDA was rented from the Plaintiff during the time of this incident. No Limitation Plaintiff and/or employee of any Limitation Plaintiff was present on the vessel at the time of the incident on August 13, 2022.

6. At the time of the incident, the AQUAVIDA was captained and operated by a licensed United States Coast Guard ("USCG") captain by the name of Joseph Neverauskas.

7. Captain Neverauskas was selected and was to be paid by the boat renter(s). Limitation Plaintiffs had no direction or control over Captain Neverauskas during the charter.

8. The vessel was rented pursuant to a bareboat charter agreement where the renters took over dominion and control of the vessel as required by USCG in order for it to be a legal charter.

2

9. The vessel was rented earlier on August 13, 2022, from 10 am to 2:00 pm, by another renter, with no issues.

10. Upon information and belief, multiple persons not associated with the passengers or crew of AQUAVIDA, including LANA BATOCHIR, MARIJA VELKOVA and unknown individuals (hereinafter DOES), were on a raft near the vessel, at all-time relevant to this action, and were injured as a result of the below-described incident with AQUAVIDA and are potential claimants in this action.

11. Limitation Plaintiffs are unaware of the true names and identities of fictitiously named DOES 1 through 20, inclusive, and therefore sue them under such fictitious names.

12. Following the incident on August 13, 2022, the vessel was transported to Belmont Harbor, Slip A19, in Chicago, Illinois.

13. At all relevant times, Limitation Plaintiffs used reasonable care to make AQUAVIDA seaworthy, and she was, at all relevant times, tight, staunch, and strong, fully and properly equipped and supplied and in all respects seaworthy and fit for service in which she was engaged.

14. On August 13, 2022, at approximately 2:30 pm, AQUAVIDA's voyage commenced in Chicago, Illinois with 12 passengers and the Captain on board for a chartered trip on the navigable waters of Lake Michigan, off the coast of Oak Street Beach in Chicago, Illinois, in the area commonly referred to as "The Playpen". AQUAVIDA had no cargo onboard, and was under charter for the voyage within the meaning of Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq.*

15. On information and belief, at approximately 5:00 PM on August 13, 2022, while AQUAVIDA was on the navigable waters of Lake Michigan off the coastline of Chicago, Illinois, in the "Playpen," BATOCHIR, VELKOVA and DOES were on a raft attached to a vessel also located in the "Playpen."

16. While in the "Playpen", Captain Neveraskaus was backing-up AQUAVIDA when he ran over the aforementioned raft, allegedly resulting in injuries of BATOCHIR, VELKOVA, and DOES.

17. Limitation Plaintiffs are informed and believe and thereon allege that no individual has filed suit against Limitation Plaintiffs, or either of them, for alleged personal injuries, property loss, death, damages, and/or losses as a result of the incident described in Paragraphs 15 and 16.

18. On information and belief, one or more of the Passengers, *viz.* BATOCHIR, VELKOVA or DOES, have submitted a written or other notice that they may assert claims and/or bring a suit for alleged injuries and/or property damages arising from the aforementioned incident.

19. The aforementioned incident and all consequent alleged injuries, damages and deaths occurred without the fault, privity or knowledge on the part of Limitation Plaintiffs, and was not caused or contributed to by any negligence, fault or knowledge on the part of Limitation Plaintiffs, or anyone for whom the Limitation Plaintiffs may be responsible, at or prior to the commencement of the above-described voyage.

20. Limitation Plaintiffs desire to invoke the benefits of exoneration from liability or in the alternative limitation of liability as provided by 46 U.S.C. § 30501 *et seq.*, and in the same proceeding Limitation Plaintiffs desire to contest their liability and the liability of AQUAVIDA for any alleged loss or damages arising out of the aforesaid incident.

21. The fair market value of the AQUAVIDA at the end of the subject voyage is estimated to be $71,637.00 dollars. A true and correct copy of an Affidavit of Marine Surveyor Michael Hunter is attached to this Complaint as Exhibit 1.

22. Pending any further appraisal of the value of each of the Limitation Plaintiffs' interest in the AQUAVIDA, the Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of any forthcoming claimants, in the amount of $71,637.00, with interest at six percent (6%) per annum from the date hereof, as the amount of the owners' interest in the vessel and pending freight as required by Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

23. In addition, the Limitation Plaintiffs are also depositing with the Court, coincident with the filing of its Limitation Complaint, an Ad Interim Stipulation for Costs in the sum of One Thousand Dollars and 00/100 ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1) and Local Rule of Admiralty E.1(a).

24. Not more than six months has elapsed between Limitation Plaintiffs' receipt of notice of any written claim or suit arising out of the aforementioned incident and the filing of this action for exoneration from or limitation of liability.

WHEREFORE, Limitation Plaintiffs pray as follows:

1. That the Court enter an Order approving the above-described Ad Interim Stipulation of Value, in the amount of Seventy One Thousand and Six Hundred Thirty Seven Dollars 00/100 ($71,637.00), plus interest, for which the Limitation Plaintiffs deposit with the Court as security for the total value of their interest in the AQUAVIDA, and also approving the Stipulation for Costs in the amount of One Thousand Dollars 00/100 ($1,000.00) (U.S.);

2. That the Court enter an Order directing the issuance of Notice and a monition to all person asserting claims against Limitations Plaintiffs and/or AQUAVIDA with respect to the incident and for which this Complaint seeks exoneration from, or limitation of, liability, admonishing them to file their respective claims with the Clerk of this Court, to serve a copy thereof on the attorneys for Plaintiffs, and to appear and answer the allegations of this Complaint, on or before a date to be fixed by the Court in the notice;

3. That the Court enter an Order directing the execution of the monition and publication of notice thereof in such newspapers as the Court may direct, once a week for four (4) consecutive weeks prior to the date fixed by the Court for the filing of such claims, all as provided for in the law and Rule F(4) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims;

4. That the Court, upon issuance of the monitions, enter an Order restraining the prosecution of any and all suits against Limitation Plaintiffs and/or AQUAVIDA, which may have been already commenced by any person or entity to recover damages or seek discovery as a result of the incident on or about August 13, 2022, and for which this Complaint seeks exoneration from, or limitation of liability and restraining the commencement and prosecution of any additional or unknown lawsuits, whether new or old, or any legal proceedings, against Limitation Plaintiffs and/or AQUAVIDA, with respect to any claims arising from the incident, and for which this Complaint seeks exoneration from, or limitation of, liability;

5. That the Court permit Limitation Plaintiffs to contest their liability, if any, for all injuries and/or damages and/or deaths arising out of the incident of August 13, 2022, and for which this Complaint seeks exoneration from, or limitation of, liability, and that this Court, in this proceeding, adjudge the Limitation Plaintiffs and AQUAVIDA, to be completely exonerated from

liability arising out of the incident on August 13, 2022, and for which this Complaint seeks exoneration from liability, or limitation of liability, and that no liability exists on the part of Limitation Plaintiffs and AQUAVIDA for any injuries or damages resulting from the incident of August 13, 2022, and for which this Complaint seeks exoneration from, or limitation of, liability;

6. In the event it is found by this Court that liability exists on the part of Limitation Plaintiffs or AQUAVIDA, by reason of the injuries and damages and deaths, the Court adjudge that such liability shall in no case exceed the amount of value of Limitation Plaintiffs' interest in AQUAVIDA, if any, as the same existed immediately following the incident, and that a decree be made discharging Limitation Plaintiffs from any further liability beyond that amount; and

7. That Limitation Plaintiffs receive such other and further relief as this Court may deem just and proper under the circumstances.

Dated: November 18, 2022.

Respectfully Submitted,

/s/ Robert J. Franco
One of the Attorneys for the Limitation Plaintiffs Chicago AquaLeisure, LLC and Theresa Tran

Robert J. Franco
John J. Moroney
Randall W. Slade
Franco Moroney Buenik, LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661-2510
(312) 469-1000
Robert.franco@francomoroney.com
John.moroney@francomoroney.com
Randall.slade@francomoroney.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY**

| | |
|---|---|
| In the Matter of the Complaint of Chicago Aqua Leisure, LLC, and Theresa Tran, individually and as owners and/or owners pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. 22-cv-6478 |

## AFFIDAVIT OF VALUE

I, Michael Hunter, under penalty of perjury, declare as follows:

    1.    My name is Michael Hunter. I am over the age of 21 and otherwise fully competent to make this Affidavit. I have never been convicted of a felony or a misdemeanor involving moral turpitude. I make the following affidavit based on personal knowledge and the statements made herein are true and correct.

    2.    I am the Principal Investigator & Marine Surveyor for Hunter Consulting & Survey, Inc. with over 25 years' experience as a Marine Surveyor. I am currently employed by Hunter Consulting & Survey Services, Inc. I presently possess three Marine Surveyor Certifications including National Association of Marine Surveyors (NAMS), Society of Accredited Marine Surveyors (SAMS), and International Association of Marine Surveyors (IIMS), all three of which include specific training in valuation of watercraft.

    3.    I have examined the involved vessel, a 2003 Four Winns model 348 Vista Express Hull Identification Number (HIN) GFNCY003E203 from a post-incident perspective and a

**AFFIDAVIT OF VALUE**



provided Marine Survey for Condition & Value purposes prepared 5 months prior to the incident. I have confirmed this is the vessel involved in a casualty incident of August 13, 2022, referenced under state and federal investigative reports. I have confirmed the extent of damage with the owner as non-structural.

4. I have reviewed present market value guides including BUC Value and ABOS Marine Blue Book, various Brokerage sites and performed research of the current market with respect to the "Vessel" and other comparable Four Winns 348 Vistas. I have reviewed the Sales Order detailing the purchase of this specific watercraft for $77,000.00 plus an additional paid State Sales Tax of $5,698.00 on or about March 14, 2022, from Basa Marine of Bolingbrook, Illinois.

5. Utilizing the provided and discovered documentation, the pre-loss value of the Vessel was determined to be $74,377.00. As addendum to this Affidavit of Value, an eleven (11) page appraisal report is prepared detailing the methodology of the undersigned surveyor and appraiser's calculations and considerations. Incident related damages are estimated at $2,700.00 and are not considered structural. Post-incident market value for the vessel is assessed at $71,637.00.

6. There was no pending freight on the day of the incident known to the undersigned.

FURTHER AFFIANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th day of November, 2022.

BJ RICHARDSON
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Feb. 24, 2024
Commission #12383334

Hunter Consulting & Survey Services, Inc.

By: _____
J. Michael Hunter CMS AMS MIIMS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of Chicago AquaLeisure, LLC, and Theresa Tran, individually and as owners and/or owners pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. 1:22-cv-6478 |

**ORDER RESTRAINING ALL SUITS AND DIRECTING MONITION TO ISSUE**

It appearing that a Complaint has been filed in the above-captioned Court by Plaintiffs CHICAGO AQUALEISURE, LLC and THERESA TRAN (hereinafter "PLAINTIFFS"), as owners and/or owners *pro hac vice* of the vessel LA AQUAVIDA (hereinafter "AQUAVIDA"), Official Number GFNCY003E203, having filed a complaint under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, with respect to any and all losses or damages arising out of, resulting from, or in any manner connected with, the matters set forth in the Complaint, and the Complaint having stated the facts and circumstances upon which exoneration or limitation are claimed, and it appearing that the value of PLAINTIFFS' interest in AQUAVIDA immediately following the incident was worth $71,637.00, and it further appearing that PLAINTIFFS have filed a Stipulation for Value and Costs and it further appearing that claims have been made, or will be made, against PLAINTIFFS, and/or AQUAVIDA, for losses or damages arising out of, or in some manner connected with, the matters set forth in the Complaint;

NOW, THEREFORE, on application of PLAINTIFFS:

IT IS ORDERED that the institution or prosecution of any and all suits, actions or legal proceedings of any nature and description whatsoever, against PLAINTIFFS, or AQUAVIDA, or

any property of PLAINTIFFS, whether presently ongoing, filed but unknown, or to be filed in the future, except in this proceeding, with respect to any claims for death, injuries, property loss, or damages, arising out of, resulting from, or in any manner connected with the incident on August 13, 2022, aboard AQUAVIDA which the Complaint in this action seeks exoneration from, or limitation of liability, be, and the same hereby are, stayed and restrained until the hearing and determination of this proceeding;

IT IS FURTHER ORDERED that a monition issue out of and under the seal of this Court to all persons and entities asserting any claim with respect to that which the Complaint in this action seeks exoneration from, or limitation of, liability, admonishing them to file their respective claims with the Clerk of this Court at the United States Courthouse, in writing and under oath, and to serve a copy thereof on the attorneys for PLAINTIFFS, on or before January 25, 2023, or be deemed in contumacy and default;

IT IS FURTHER ORDERED that public notice of the monition and this action be published by PLAINTIFFS, in THE CHICAGO DAILY LAW BULLETIN and in a newspaper of general circulation in the city of Chicago, once in each week for four (4) successive weeks before the return date of this Order.

IT IS FURTHER ORDERED that PLAINTIFFS, not later than the date of second publication, shall mail a copy of the monition to the two potential claimants named in the complaint, LANA BATOCHIR and MARIJA VELKOVA, and to every person and entity known to have asserted any claim against PLAINTIFFS, or AQUAVIDA, arising out of, resulting from, or in any manner connected with, that which the Complaint in this action seeks exoneration from, or limitation of, and in those cases where the person or entity making the claim is known to have an attorney, the monition shall be mailed to such attorney; and a copy of such monition shall be

mailed to the two potential claimants named in the complaint, LANA BATOCHIR and MARIJA VELKOVA, and to such other persons as are known to have any claim against PLAINTIFFS, or AQUAVIDA, arising out of, resulting from, or in any manner connected with, that which the Complaint in this action seeks exoneration from, or limitation of, not later than the second day of the aforementioned publication; and

IT IS FURTHER ORDERED that service of this Order as a restraining order may be had by mailing a certified copy of this Order to the persons to be restrained, or to their attorneys acting on their behalf.

In issuing this Order, the Court recognizes that the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules") govern actions such as this and appear to limit the Court's discretion. Specifically, Supplemental Rules F(3) and F(4) state that the Court "shall" issue the injunction, monition, and publication orders PLAINTIFFS have requested. In issuing the requested orders at this preliminary stage, the Court makes no determination as to the merits of PLAINTIFFS' efforts to limit their liability pursuant to 46 U.S.C. § 30505.

Dated: November 28, 2022

/s/
Joan B. Gottschall
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of Chicago AquaLeisure, LLC, and Theresa Tran, individually and as owners and/or owners pro hac vice of the vessel LA AQUAVIDA, Official Number GFNCY003E20 & DOCUMENTATION #1155272, for Exoneration from or Limitation of Liability | No. 1:22-cv-6478 |

## ORDER ACCEPTING SECURITY

WHEREAS, a Complaint has been filed in the above-captioned Court by Plaintiffs CHICAGO AQUALEISURE, LLC and THERESA TRAN (hereinafter "PLAINTIFFS"), as owners and/or owners *pro hac vice* of the vessel LA AQUAVIDA (hereinafter "AQUAVIDA"), Official Number GFNCY003E203, having filed a complaint under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, with respect to any and all losses or damages arising out of, resulting from, or in any manner connected with, the matters set forth in the Complaint, and the Complaint having stated the facts and circumstances upon which exoneration or limitation are claimed, and it appearing that the value of PLAINTIFFS' interest in AQUAVIDA immediately following the incident was worth $71,637.00, and it further appearing that PLAINTIFFS have filed a Stipulation for Value and Costs and it further appearing that claims have been made, or will be made, against PLAINTIFFS, and/or AQUAVIDA, for losses or damages arising out of, or in some manner connected with, the matters set forth in the Complaint; and

WHEREAS, the Limitation Plaintiffs have tendered to this Court security in the amount

of $71,637.00, in satisfaction of their requirement to post security for the amount of their interest in the Limitation Vessel, as set forth in their Stipulation for Value, and One Thousand Dollars and 00/100 ($1,000.00) (U.S.) for costs, as set forth in their Stipulation for Costs,

NOW, on application of the Limitation Plaintiffs, by counsel, IT IS HEREBY ORDERED:

That the Court shall accept the funds, in the amount of $71,637.00, and $1,000.00, to be deposited pursuant to LR 67.1, and that such tender satisfies the security requirements of 46 U.S.C. § 30511 and Supplemental Rule F(1) inclusive of interest and costs not previously stipulated to by the Limitation Plaintiffs in this matter, without prejudice to the right of any claimant to seek additional security under Supplemental Rule F(7).

Dated: November 28, 2022

/s/
Joan B. Gottschall
United States District Judge