34395

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| THERESA TRAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> John Doe, et al. <br><br> Defendants. | Case No. 1:22-cv-06478 <br> Honorable Joan B. Gottschall |

### MEMORANDUM IN SUPPORT OF JOINT MOTION TO LIFT INJUNCTION AND STAY THIS LIMITATION ACTION

NOW COMES, Claimant Marija Velkova, by and through her attorneys, HORWITZ, HORWITZ, & ASSOCIATES, LTD., Claimant Lana Batochir, by and through her attorneys, CORBOY & DEMETRIO, P.C., and Claimant Jacob Houle, by and through his attorneys, ARMSTRONG LAW GROUP, (hereinafter collectively referred to as "Claimants"), and for their Memorandum in Support of Joint Motion to Lift Injunction and Stay this Limitation Action, state as follows:

### FACTUAL BACKGROUND

This Limitation action arises out of a boating incident that occurred on or about August 13, 2022, on Lake Michigan in the area commonly known as the "Playpen" wherein the Limitation Vessel, the "AQUAVIDA", collided with an anchored boat, the "NAVIGATOR", and its raft attached thereto, on or about which Claimants Batochir and Velkova were situated. As a result of the aforementioned collision, the anchored boat, the "NAVIGATOR", was pushed forward in motion into another anchored boat, the "GIDDY UP", on or about which Claimant Houle was situated.

1

On November 14, 2022, Claimant Marija Velkova filed a lawsuit in the Circuit Court of Cook County against various entities and persons, including Limitation Plaintiffs Theresa Tran and Chicago AquaLeisure, LLC. *See* Ex. A, Velkova Compl. attached to Velkova Claim (Doc. No. 19). *See generally Marija Velkova v. Joseph Neverauskas*, et al., No. 2022-L-010139 (Cook Cty. Cir. Ct.). Claimant Lana Batochir also filed suit in the Circuit Court of Cook County against various entities and persons, including Limitation Plaintiffs. *See* Ex. A, Batochir Compl. attached to Batochir Claim (Doc. No. 16). *See generally Lana Batochir v. Joseph Neverauskas*, et al., No. 2022-L-011324 (Cook Cty. Cir. Ct.). And Claimants allege in their state court complaints that the occurrence and their personal injuries were a direct and proximate result of the negligent acts or omissions of the various entities and persons, including Limitation Plaintiffs. *See id.*

On November 18, 2022, the Limitation Plaintiffs Theresa Tran and Chicago AquaLeisure, LLC filed the instant action, alleging that they are owners/owners *pro hac vice* of the Limitation Vessel and seeking exoneration from or limitation of their liability for the injuries, losses, or damages arising from the aforementioned August 13, 2022 occurrence. *See* Pl.'s Compl. (Doc. No. 1). After Limitation Plaintiffs filed the instant action, this Court entered an Order staying and restraining all other actions, including Claimants state court cases, until the hearing and determination of this proceeding, and admonishing all persons or entities asserting any claim with respect to that which Limitation Plaintiffs' Complaint seeks exoneration from, or limitation of, liability, to file their respective claims with this Court on or before January 25, 2023. *See* 12/14/22 Order Restraining All Suits and Directing Monition to Issue (Doc. No. 11).

In accordance with this Court's Order, Claimants Lana Batochir and Marija Velkova filed their Claims and Answers on or before January 25, 2023. *See* Batochir Claim (Doc. No. 16); Batochir Ans. (Doc. No. 17); Velkova Claim (Doc. No. 19); Velkova Ans. (Doc. No. 20). On

February 14, 2023, this Court granted Claimant Jacob Houle's motion to extend the deadline to file his claim, *see* 2/14/23 Minute Entry (Doc. No. 27), and Claimant Houle filed his claim the same day, *see* Houle Claim (Doc. No. 29); Houle Ans. (Doc. No. 28). On February 14, 2023, this Court also granted Limitation Plaintiff's request for entry of an order of default against non-appearing claimants. *See* 2/14/23 Minute Entry (Doc. No. 27).

As evident in their claims and answers, Claimants deny that Limitation Plaintiffs are entitled to exoneration from or limitation of their liability pursuant to the Limitation Act. Further, Claimants reserved their rights to pursue all available claims against Limitation Plaintiffs in the fora of Claimants' choosing for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury, including their causes of action filed in the Circuit Court of Cook County, Illinois County Department Law Division, as provided for by the Savings to Suitors Clause in 28 U.S.C. § 1333(1).

To that effect, and to assure this Court that in lifting its injunction and permitting Claimants to proceed with their state court actions the alleged shipowners' rights under the Limitation Act will be adequately preserved, Claimants concede and agree to the following:

> 1.      Claimants concede and agree that the United States District Court for the Northern District of Illinois – Eastern Division has exclusive jurisdiction over all limitation of liability issues that arise out of the allision occurring on or about August 13, 2022, between the moving vessel/boat (the "AQUAVIDA") and the anchored vessel/boat (the "NAVIGATOR") and its raft attached thereto.
> 2.      Claimants concede and agree to waive any claim of *res judicata* respecting any limitation of liability issues as might arise in the event of entry of judgment in any state court or other proceeding based upon the facts of the above-mentioned allision.
> 3.      Claimants concede and agree that should a judgment be obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should this United States District Court for the Northern District of Illinois – Eastern Division determine that Limitation Plaintiffs are indeed an owner and/or owner *pro hac vice* of the AQUAVIDA under the law, and that limitation of liability is appropriate, Claimants will only seek their respective pro-rata

3

proportional share of the limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding.

4. Claimants concede and agree that should a judgment be obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should this United States District Court for the Northern District of Illinois – Eastern Division determine that Limitation Plaintiffs are indeed an owner and/or owner *pro hac vice* of the AQUAVIDA under the law, and that limitation of liability is appropriate, Claimants will in no event seek any amount beyond the value of the limitation fund as determined by this United States District Court for the Northern District of Illinois – Eastern Division.

5. Claimants concede and agree that this United States District Court for the Northern District of Illinois – Eastern Division has exclusive jurisdiction to determine the value of the limitation fund, and so long as the Claimants have an opportunity to obtain an independent appraisal or related valuation and provide this Court with case law setting forth what is to be included in the limitation fund, will stipulate to the value as determined by this United States District Court for the Northern District of Illinois – Eastern Division.

6. By making such concessions, Claimants do not concede that Limitation Plaintiffs may bring the exoneration issue back to this United States District Court for the Northern District of Illinois – Eastern Division after trying issues of liability and damages in the state court or other proceeding.

7. Further, Claimants concessions are meant only to adequately preserve Limitation Plaintiffs' rights, as alleged owner(s)/owner(s) *pro hac vice* of the AQUAVIDA: By making such concessions, Claimants do not concede that limitation of liability is appropriate in this matter, nor do Claimants concede any of the limitation of liability issues raised by Limitation Plaintiffs in their Complaint in this matter; in this regard, Claimants Claims, Answers, and Affirmative Defenses in this matter speak for themselves.

*See* Cl.'s Joint Mot., Ex. A, Proposed Concessions.

## OVERVIEW OF THE LIMITATION ACT

The central provision of the Limitation Act (hereinafter the "Act") provides in relevant part: "[T]he liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight . . . [so long as] any loss, damage, or injury by collision . . . [occurs] without the privity or knowledge of the owner." *In re Illinois Marine*

*Towing*, 498 F.3d 645, 649 (7th Cir. 2007) (quoting 46 U.S.C. § 30523, formerly 46 U.S.C. § 30505).[1]

I. **The procedure in a limitation action requires a determination of liability – i.e., a determination of exoneration from liability – prior to a determination of limitation of liability.**

The procedure for a limitation action is found in Supplemental Admiralty and Maritime Claims Rule F, which sets forth a process for filing a complaint seeking exoneration from, or limitation of, liability. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The Rule provides that the district court secures the value of the vessel or shipowner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. *Id. See American River Transp. Co. v. Ryan*, 579 F.3d 820, 822 (7th Cir. 2007) ("The Limitation Act requires that all claims and proceedings against the shipowner related to the loss 'cease' while the federal courts determine whether the shipowner has a right to limited liability."). Then, the district court—sitting without a jury—adjudicates the claims: The district court determines whether the vessel owner is liable, whether the owner may limit liability, the validity of the claims, and if liability is limited, distributes the limited fund among the claimants. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).[2]

---

[1] The 2022 amendment by P.L 117-263 redesignated this section, formerly 46 U.S.C. § 30505, as 46 U.S.C. § 30523, and substituted "section 30524 for "section 30506" in subsection (a). *See* 46 U.S.C.S. § 30523 (LexisNexis, Lexis Advance through Public Law 117-285, approved December 21, 2022, with a gap of Public Law 117-263). Further, by way of background, the Limitation Act was previously codified as 46 U.S.C. § 183 before being re-codified in October 2006 to 46 U.S.C. § 30505. *See In re Illinois Marine Towing*, 498 F.3d at n.2.

[2] Where the claims against the shipowner exceed the value of the vessel and its pending freight, the Act provides a mechanism for all of the claims to be heard by the court in an equitable proceeding called a *concursus* in which the court determines the value of the competing claims and apportions the limitation fund between the claimants similar to the adjudication of an interpleader action. *See Maryland v. Cushing*, 347 U.S. 409, 415-417 (1954).

5

The adjudication typically involves a two-step process. *Illinois Constructors Corp. v. Logan Transportation*, 715 F. Supp. 872, 880 (N.D. Ill. 1989). First, the claimants have the burden of identifying the vessel's unseaworthiness or acts or omissions constituting negligence that proximately caused their injuries. *Id.* If the claimants fail to satisfy this burden, then shipowner is entitled to exoneration from liability. *Id.* On the other hand, if the claimants satisfy their burden, then the burden shifts to the shipowner to prove a lack of privity or knowledge of the vessel's unseaworthiness or acts or omissions constituting negligence. *Id.* If the shipowner satisfies its burden in proving the absence of privity or knowledge, then the shipowner is entitled to limit its liability to the value of the vessel and pending freight. *Id.* But if the shipowner fails to satisfy its burden, then the shipowner is responsible for the full amount of the damages. *Id.*

In cases where a federal district court abstains and permits proceedings in state court go forward on the question of liability while retaining jurisdiction over any question that might arise as to the shipowner's right to limit its liability, the first step in the process is resolved in state court. *See In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 828 (7th Cir. 1996). And the result in state court dictates whether additional proceedings in federal court are necessary: If the shipowner either (1) wins in state court or (2) loses, but only in amount less than the value of the vessel and pending freight, then the need for further proceedings in federal court is obviated. *Id.* On the other hand, if the shipowner is found liable for more than the value the vessel and pending freight, then further proceedings in the federal limitation action may be necessary—e.g., where the claimant contests the limitation of liability. *Id.*

II.     **The Act does not provide a shipowner with a right to exoneration from liability nor does it provide a shipowner with a right for a federal court to determine exoneration from liability.**

The Act provides a shipowner with an independent federal right to limit its liability to the value of the vessel and pending freight where an injury occurs without the privity or knowledge

6

of the owner—i.e., the Act permits an innocent shipowner who is sued for damages caused through no fault or neglect of their own to limit their liability to value of the vessel and pending freight. *Great Lakes Dredge & Dock Co. v. City of Chicago*, 3 F.3d 225, 231 (7th Cir. 1993). But the Act does not provide a shipowner with an independent right to exoneration from liability, nor does it entitle a shipowner to have a federal district court determine exoneration from liability. *Roen Salvage Co. v. Sarter*, 17 F.4th 761, 763 (7th Cir. 2021) (further recognizing no federal statute entitles a shipowner to have a federal judge determine exoneration).

**III.** **The Supreme Court of the United States instructs that federal district courts should abstain from invoking jurisdiction to determine liability and allow claimants to litigate their claims in the fora of their choosing when a shipowner's right to seek limitation of liability is adequately protected.**

The Act itself creates an inherent conflict between the right of claimants to seek common-law remedies before a jury in a forum of their choosing—typically, a state court—and the right of a shipowner to limit its liability to claimants in federal court. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 826 (7th Cir. 1996), *reh'g en banc denied*, 83 F.3d 821 (7th Cir. 1996). On one hand, the Act vests the federal district courts—pursuant to their admiralty jurisdiction under 28 U.S.C. § 1333(1)—to decide whether a shipowner's liability should be limited in certain circumstances. *Id.* On the other hand, the "saving to suitors" clause of 28 U.S.C. § 1333(1), excepts the right of suitors to seek "all other remedies to which they are otherwise entitled" from the federal district courts' exclusive jurisdiction over admiralty matters. *Id.*

Indeed, while the savings to suitors clause "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims" and "evinces a preference for common law remedies in the forum of the claimant's choice," *In re Illinois Marine Towing*, 498 F.3d at 650 (citing *Lewis*, 531 U.S. at 445), with a "presumption in favor jury trials," *In re*

7

*Seadog Ventures, Inc.*, No. 98 C 1463, 2000 U.S. Dist. LEXIS 5805, at *4-5 (N.D. Ill. Mar. 30, 2000), Claimants have no right to a jury trial in admiralty actions, and thereby lose their right to pursue common-law remedies before a jury when forced into admiralty court under the Act. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 826 (7th Cir. 1996), *reh'g en banc denied*, 83 F.3d 821 (7th Cir. 1996).

To resolve the conflict, the Supreme Court of the United States created a doctrine of federal abstention, which it first enunciated almost one hundred (100) years ago in *Langnes v. Green*, 282 U.S. 531 (1931). Under the doctrine, the Court concluded that district courts have the discretion to retain a limitation action or permit the claimants to proceed in the forum of their choosing. *See In re Illinois Marine Towing*, 498 F.3d 645, 650 (7th Cir. 2007). Where the district court abstains, it retains jurisdiction over the limitation of liability question pending resolution of the liability issues in the state court proceedings. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 828 (7th Cir. 1996).

The Court has recognized two situations in which a district court should abstain from invoking its jurisdiction to determine liability and allow claimants to litigate their claims in state court: (1) the adequate fund exception, and (2) the single claimant exception. *In re Illinois Marine Towing*, 498 F.3d 645, 650 (7th Cir. 2007). See, *e.g.*, *Langnes*, 282 U.S. at 541-42 (holding that when a single claim is asserted against a shipowner, a district court should allow the action to proceed in state court, while retaining exclusive jurisdiction over the question of limitation of liability); *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957) (holding that when the possible amount of liability limited under the Act exceeds the total claims made against the shipowner, a district court should allow the actions to proceed in state court).

Under the adequate fund exception, a district court should abstain and allow the case to proceed in state if the value of the limitation fund—i.e., the value of the vessel and its pending freight—exceeds the aggregate of the total number of claims filed against the owner. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 831 (7th Cir. 1996). Under the single claimant exception, a district should abstain and allow the case to proceed in state court where a single claimant brings an action against the shipowner seeking damages in excess of the value of the limitation so long as the claimant makes stipulations adequate to protect the shipowner's rights under the Act. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 831 (7th Cir. 1996).

In line with the reasoning behind the single claimant exception, the Seventh Circuit and its sister circuits have extended the exception to multiple claimants. *In re Illinois Marine Towing*, 498 F.3d 645, 652 (7th Cir. 2007). So long as claimants form adequate stipulations to ensure all limitation of liability issues will be decided in federal court, a district court may dissolve the injunction prohibiting state court lawsuits in multiple claimant cases—even where the value of the combined claims exceed the value of the limitation fund. *Id.* (holding that "the district court correctly concluded that proper stipulations can transform multiple claims into a single claim for purposes of determining liability in state court). *See also In re Garvey Marine*, 909 F. Supp. 560, 565 (N.D. Ill. 1995) (finding that the multiplicity of claims will not bar dissolution of injunction/stay order where multiple claimants provide adequate concessions to transform the multiple claims into single claimant exception); *In re Seadog Ventures, Inc.*, No. 98 C 1463, 2000 U.S. Dist. LEXIS 5805, at *7 (N.D. Ill. Mar. 30, 2000) (same); *In re J.F. Brennan Co.*, No. 19-C-1402, 2021 U.S. Dist. LEXIS 28048, at *5-6 (E.D. Wis. Feb. 12, 2021) (same).

9

**ARGUMENT**

This Court should lift its injunction and permit claimants to litigate their claims in state court because Claimants concessions adequately preserve Limitation Plaintiffs' right to seek limitation of liability under the Limitation Act. Indeed, in such instances where the shipowner's right to limitation of liability is adequately protected through appropriate concessions (also referred to as stipulations), the Supreme Court of the United States, the Seventh Circuit, and the Seventh Circuit's sister circuits all endorse permitting claimants to proceed in state court. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) ("In sum, this Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected."); *Roen Salvage Co. v. Sarter*, 17 F.4th 761, 763 (7th Cir. 2021) (citing *Lewis*, 531 U.S. at 454) (noting it is well within the district court's discretion to dissolve the injunction where the district court satisfies itself that a shipowner's right to seek limitation will be protected); *In re Illinois Marine Towing*, 498 F.3d 645, 650-53 (7th Cir. 2007) (same).

Consider *In re Illinois Marine Towing*, 489 F.3d (7th Cir. 2007), which is directly on point with the instant case. In *Marine Towing*, the Seventh Circuit affirmed the district court's ruling granting the claimants' joint motion to lift the injunction of their state court actions. *Id.* at 655. Following a boating collision between a pleasure craft and a barge being towed by a tugboat, three of the pleasure craft's passengers filed suit in state court against the operator the pleasure craft, the barge owner, the tugboat owner, and an employee of the tugboat owner. *Id.* at 647. Thereafter, the tugboat owner filed a complaint for exoneration from or limitation of liability in district court; pursuant to the Act, the district court enjoined the institution or prosecution of other suits regarding the casualty, and four the pleasure craft's passengers and its

operator filed claims against the tugboat owner. *Id.* The claimants then moved to lift the stay on their state court actions and filed the following stipulations/concessions:

> 1. . .. the [district court] has exclusive jurisdiction over all limitation of liability issues which arose out of a collision . . . between a pleasure vessel operated by [pleasure craft operator] and the [tugboat] and [barge];
> 2. . . waive any claim of *res judicata* respecting any limitation of liability issues as might arise in the event of entry of judgment in any state court or other proceeding based upon the facts of the above-mentioned collision;
> 3. . . should a judgment be obtained in any state court or other proceeding on behalf of any one of more of the Claimants, and should this [district court] determine that limitation of liability is appropriate, Claimants will only seek their respective pro-rata proportional share of the limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding;
> 4. . . if a judgment is obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should this [district court] determine that limitation of liability is appropriate, Claimants will in no event seek any amount beyond the value of the limitation fund as determined by the [district court]; and
> 5. . . this [district court] has exclusive jurisdiction to determine the value of the limitation fund, and so long as the Claimants have an opportunity to obtain an independent appraisal or related valuation, will stipulate to the value as determined by this [district court].

*Id.* at 648. In finding the district court properly exercised its discretion in lifting its injunction and permitting the claimants to proceed in state court, the Seventh Circuit held that the above stipulations adequately preserved the vessel owner's right to seek limitation and rendered concursus unnecessary. *In re Illinois Marine Towing*, 498 F.3d 645, 652 (7th Cir. 2007).

Because Claimants concessions mirror those that the Seventh Circuit held adequately preserve a shipowner's right to seek limitation and render concursus unnecessary, as a matter of law, Limitation Plaintiffs right to seek limitation of liability under the Act in this case is adequately preserved. Consequently, this Court should grant Claimants Joint Motion to Lift Injunction and Stay this Limitation Action.

## CONCLUSION

As a matter of precedent, reason, and experience alike, this Court should grant Claimants Joint Motion to Lift Injunction and Stay this Limitation Action.

Dated: March 8, 2023      Respectfully submitted,

              /s/ Clifford W. Horwitz
              One of the Attorneys for Claimant Marija Velkova

              /s/ Michael D. Ditore
              One of the Attorneys for Claimant Lana Batochir

              /s/ Gregory C. Armstrong
              One of the Attorneys for Claimant Jacob Houle

Prepared By:
**Counsel for Claimant Marija Velkova**
Clifford W. Horwitz
HORWITZ, HORWITZ & Associates, Ltd.
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312)-372-8822
cliff@horwitzlaw.com
clmail@horwitzlaw.com
**Counsel for Claimant Lana Batochir**
Michael D. Ditore
Corboy & Demetrio, P.C.
33 North Dearborn, Suite 2100
Chicago, Illinois 60602
(312)-346-3191
mdd@corboydemetrio.com
**Counsel for Claimant Jacob Houle**
Gregory C. Armstrong
Armstrong Law Group
200 North Dearborn Street, Suite 802
Chicago, Illinois 60601
(312)-372-3215
gregory.armstrong@armstronglawgroup.com