IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| THERESA TRAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> John Doe, et al., <br><br> Defendants. | Case No. 1:22-CV-06478 <br><br> Honorable Joan B. Gottschall |

**THERESA TRAN AND CHICAGO AQUALEISURE LLC'S POSITION STATEMENT REGARDING THE BRIEFING SCHEDULE ON CLAIMANTS' JOINT MOTION TO LIFT THE INJUCTION AND STAY THIS ACTION**

Theresa Tran ("Tran") and Chicago AquaLeisure LLC ("AquaLeisure"), as owners of the La AquaVida, filed this action regarding a boating incident which occurred in the navigable waters of Lake Michigan involving multiple potential claimants. This is an action for exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 e*t seq*. and is a case of admiralty and maritime jurisdiction. The action is within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F, Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. (collectively, the "Limitation Act and Rules") .

Under the applicable Federal Statutes and Rules, the Federal Courts have original jurisdiction in maritime cases and have exclusive jurisdiction regarding all limitation of liability issues in this case.

This action is in its infancy, having been just filed in November 2022. Claimants Batochir and Velkova filed their claims on January 25, 2023, and Claimant Houle filed his claim on February 14, 2023. Tran and AquaLeisure have proceeded diligently in this case and issued

Interrogatories and Production Requests to all three Claimants on February 20, 2023. (Doc. No. 30)

Despite the newness of the case and the pending discovery, the Claimants have filed a premature Motion to Lift Injunction and Stay This Limitation Action which seeks to avoid and circumvent: a) this Court's original jurisdiction; and b) the fair and orderly adjudication of claims provided for by the Limitation Act and Rules. (Doc. No. 33). Claimants' Motion seeks avoid Congress' clear intent regarding the adjudication of maritime claims even before the parties can pursue the truth-seeking process though initial discovery. The stakes are rendered even higher because the Claimants' Motion attempts to divest this Court of its original jurisdiction.

The Limitation Act and Rules and the applicable case authority provide only limited circumstances when the Federal Courts will lift the stay and allow the claimants to proceed in State Court. As will be discussed in more detail in Tran and AquaLeisure's Response to the Motion, Claimants' Motion fails to establish that those narrow and limited circumstances truly apply to this case.

Claimants base their Motion on their "Proposed Concessions by Claimants" (Doc. No. 33-2) and claim that it meets the requirements set forth by the Seventh Circuit in the case *In Re Illinois Marine Towing*, 498 F. 3d. 645 (7th Cir. 2007). In that case the Court ruled that the District Court did not abuse its discretion when it granted claimants' motion to lift the stay based on specific terms of the Stipulation the claimants filed in that case which, the Court decided ensured that all limitation of liability issues would be decided by the District Court. *Marine Towing*, 498 F. 3d at 652.

However, the *Marine Towing* case does not support the Claimants' Motion because the Stipulation filed in that case is different from the Claimants' Proposed Concessions. Furthermore,

the claimants in the *Marine Towing* case filed an actual Stipulation, not merely "Proposed Concessions" as the Claimants have offered in this case.

Tran and AquaLeisure's liability depends, in part, on whether they had privity or knowledge of any alleged conduct, action, omission which caused injury to any of the Claimants, and Tran and AquaLeisure's initial discovery requests focus on those issues. The question of privity or knowledge is a complex analysis of and the application of the unique facts and circumstances of the case to the applicable law.

Claimants' responses to these discovery requests are due on March 22, 2023, and the briefing schedule on the Claimants' Motion should, in fairness, allow Tran and AuqaLeisure the opportunity to review Claimants' responses to those discovery requests on this important issue and refer to those discovery responses as they address this important issue in their Response to the Claimants' Motion.

Considering that the high stakes regarding Claimants' Motion, Claimants' expressed desire to preclude this Court from exercising its original jurisdiction, the complexity of the issues involved and the outstanding discovery (which should be answered by Claimants by March 22, 2023) Tran and AquaLeisure request that this Court grant them until April 7, to file their response to the Claimants' Joint Motion to Lift Injunction and Stay.

Dated: March 10, 2023.                                      Respectfully Submitted,

                                                            ___/s/Robert J. Franco_____
Robert J. Franco                                            One of the Attorneys for the Limitation
John J. Moroney                                             Plaintiffs Chicago AquaLeisure, LLC and
Randall W. Slade                                            Theresa Tran
Franco Moroney Buenik, LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661-2510
(312) 469-1000
Robert.franco@francomoroney.com
John.moroney@francomoroney.com
Randall.slade@francomoroney.com