UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| THERESA TRAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> John Doe, et al. <br><br> Defendants. | Case No. 1:22-cv-06478 <br> Honorable Joan B. Gottschall |

### CLAIMAINTS JOINT POSITION PAPER REGARDING THE BRIEIFING SCHEDULE ON CLAIMANTS' JOINT MOTION TO LIFT INJUNCTION/STAY

NOW COMES, Claimants, and for their Position Paper on the briefing schedule for their Joint Motion to Lift Injunction and Stay this Limitation Liability Action, ("underlying motion") state as follows:

The requirements to obtain dissolution of a stay restraining other suits in a Limitation Action are well-settled. To dissolve such a stay, Claimants may: 1) make appropriate concessions to protect the alleged owners' rights; or, 2) have alleged direct negligence against the owners. Either action strongly militates towards lifting of a stay in order to resolve liability. Claimants here have done both. (Doc. Nos. 16. 19, 33- 2). It is likewise well-established that Claimants can seek resolution of that question in a forum of their choosing – in this case, state court, provided they have carried out one or more of the actions discussed above. Contrary to Limitation Plaintiff's position, that is indeed the typical and encouraged outcome at this stage (as discussed at length in the underlying motion).

Under the precedential authority discussed in Claimants' underlying motion, resolution of the question of liability is the inevitable next step of this Action. The stay preventing prosecution

1

of Claimant's underlying lawsuits in the Circuit Court of Cook County only serves to prevent resolution of that next inevitable step.

Resolving the stay as expeditiously as possible is beneficial to all parties, and this Court. It allows the issue of liability to be determined in Claimants' chosen forum, allows for progression of injured parties' claims rather than having them stagnate, and allows for significantly increased judicial efficiency. Indeed, the underlying state court claims will determine whether this Court will even need to evaluate the Limitation Action further at all. Should Claimants' fail to prove any liability on behalf of the alleged owners in state court, this Action becomes moot. Considering that, an unnecessarily long briefing schedule to dissect patently well-settled issues does nothing but cause undue delay and inefficiency, along with preventing severely injured parties from progressing towards resolution of their claims.

In cases where a federal district court abstains and permits proceedings in state court to go forward on the question of liability, while retaining jurisdiction over any question that might arise as to the shipowner's right to limit its liability, constitutes a completion of the first step in the process of resolving a Limitation Action. *See In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 828 (7th Cir. 1996). If the shipowner either (1) wins in state court or (2) loses, but only in amount less than the value of the vessel and pending freight, then the need for further proceedings in federal court is obviated. *Id.*

The Act itself creates an inherent conflict between the right of claimants to seek common-law remedies before a jury in a forum of their choosing, and the right of a shipowner to limit its liability to claimants in federal court. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 826 (7th Cir. 1996), *reh'g en banc denied*, 83 F.3d 821 (7th Cir. 1996). However, the "saving to suitors" clause of 28 U.S.C. § 1333(1), excepts the right of suitors to seek "all other remedies to which they

are otherwise entitled" from the federal district courts' exclusive jurisdiction over admiralty matters. *Id.* In addition, there are two other situations in which a district court should abstain from invoking its jurisdiction to determine liability and allow claimants to litigate their claims in state court: (1) the adequate fund exception, and (2) the single claimant exception. *In re Illinois Marine Towing*, 498 F.3d 645, 650 (7th Cir. 2007).

Under the single claimant exception, a district should abstain and allow the case to proceed in state court where a single claimant brings an action against the shipowner seeking damages in excess of the value of the limitation so long as the claimant makes stipulations adequate to protect the shipowner's rights under the Act. *In re Complaint of McCarthy Brothers Co.*, 83 F.3d 821, 831 (7th Cir. 1996). In line with reasoning behind the single claimant exception, the Seventh Circuit and its sister circuits have extended the exception to multiple claimants. *In re Illinois Marine Towing*, 498 F.3d 645, 652 (7th Cir. 2007). So long as claimants form adequate stipulations to ensure all limitation of liability issues will be decided in federal court, a district court may dissolve the injunction prohibiting state court lawsuits in multiple claimant cases—even where the value of the combined claims exceed the value of the limitation fund. *Id.*

Further, Shipowners are *not* entitled to a limitation of liability where the shipowners' own fault or neglect causes or contributes to cause the damages, injuries, or losses. All that is needed to deny limitation is that the shipowner, "by prior action or inaction sets into motion a chain of circumstances which may be a contributing cause even though not the immediate or proximate cause of a casualty." *In re Oil Spill by The Amoco Cadiz*, 954 F.2d 1279, 1303 (7th Cir. 1992).

It is readily apparent that Claimants have met the established standard to lift the stay. Claimants not only filed the necessary concessions but have alleged privity. The issues involved do not require lengthy briefing, either in volume or temporally.

Dated: March 10, 2023                     Respectfully submitted,

                                          /s/ Michael D. Ditore                    .
                                          One of the Attorneys for Claimant Lana Batochir

                                          /s/ Clifford W. Horwitz                   
                                          One of the Attorneys for Claimant Marija Velkova

                                          /s/ Gregory C. Armstrong                  
                                          One of the Attorneys for Claimant Jacob Houle

Prepared By:
**Counsel for Claimant Lana Batochir**
Michael D. Ditore
Corboy & Demetrio, P.C.
33 North Dearborn, Suite 2100
Chicago, Illinois 60602
(312)-346-3191
mdd@corboydemetrio.com
**Counsel for Claimant Marija Velkova**
Clifford W. Horwitz
HORWITZ, HORWITZ & Associates, Ltd.
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312)-372-8822
cliff@horwitzlaw.com
clmail@horwitzlaw.com
**Counsel for Claimant Jacob Houle**
Gregory C. Armstrong
Armstrong Law Group
200 North Dearborn Street, Suite 802
Chicago, Illinois 60601
(312)-372-3215
gregory.armstrong@armstronglawgroup.com

4