IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| THERESA TRAN, *et al.*, <br><br>    Limitation Plaintiffs, <br><br>v. <br><br>Lana Batochir, Marija Velkova and Jacob Houle <br><br>. <br><br>    Claimants. | Case No. 1:22-CV-06478 <br><br>Honorable Joan B. Gottschall |

**LIMITATION PLAINTIFFS' MOTION TO APPROVE THE
<u>SALE OF THE VESSEL THE AQUAVIDA</u>**

NOW COME the Limitation Plaintiffs, Theresa Tran and Chicago AquaLeisure LLC, by and through their attorneys, Franco Moroney Buenik and seek this Court to approve the sale of the Vessel, the AQUAVIDA, and in support state as follows:

1. Pursuant to the Limitation Act and Rules, Theresa Tran ("Tran") and Chicago AquaLeisure LLC ("AquaLeisure"), (collectively the "Limitation Plaintiffs") as owners of the vessel La Aquavida (the "AQUAVIDA" or the "Vessel") filed their Complaint in Admiralty For Exoneration From or Limitation of Liability" on November 18, 2022 (the "Limitation of Liability Complaint") regarding an incident which occurred in the navigable waters of Lake Michigan involving several potential claimants. (the "Incident") (Doc. No. 1). The nature of limitation actions are unique, as it is the vessel which addresses the amount of the limitation.

2. Pursuant to the Limitation Act and Rules, Tran and AquaLeisure deposited $71,637.00 with the Clerk of this Court which is the value of the Vessel after the Incident (the "Limitation

Fund"). An Affidavit of Value is attached to the Limitation of Liability Complaint stating that the post Incident market value of the Vessel is $71,637.00 (Doc. No. 1-1)

3. After the Limitation of Liability Complaint was filed, this Court entered an Order Restraining All Suits and Directing Monition to Issue on November 28, 2022 (the "Stay/Injunction Order") (Doc. No. 11). Among other things, the Stay/Injunction Order stayed all actions against Tran, AquaLeisure and the AQUAVIDA relating to the Incident and directed that all persons regarding the Incident file their claims with the Clerk of the Court on or before January 25, 2023.

4. This case has been pending before this Court for nearly five months, and the Claimants have failed to file any pleadings objecting to the Affidavit of Value, objecting to the amount of the Limitation Fund or claiming that the Limitation Fund is inadequate.

5. On October 31, 2022 counsel for Claimant Batochir and her expert, Greg Davis, and counsel for Claimant Velkova inspected the Vessel. Since that date, Claimants have failed to request or make any effort to inspect the Vessel or have an appraiser value the Vessel.

6. In fact, Claimants failed to accept Limitation Plaintiffs' recent offers for the opportunity to conduct an additional inspection of the Vessel before a sale.

7. On April 3, 2023, counsel for the Limitation Plaintiffs sent an e-mail to counsel for Claimants Velkova, Batochir and Houle informing them that the Limitation Plaintiffs want to sell the Vessel and giving Claimants' counsel "advance notice in case anyone wants an inspection before the boat is sold". (the "Limitation Plaintiffs' April 3 e-mail") A copy of the Limitation Plaintiffs' April 3 e-mail is attached as Exhibit A.

8. Counsel for Claimant Velkova responded to the Limitation Plaintiffs' April 3 e-mail by his own e-mail on April 3, 2023 stating "Plaintiff objects to the selling of the boat and demands

that it be preserved" ("Velkova's April 3 e-mail"). A copy of Velkova's April 3 e-mail is attached as part of Exhibit A.

9. Velkova's counsel failed to request an additional inspection of the Vessel in response to the Limitation Plaintiffs' April 3 e-mail, and counsel for Batochir and Houle failed to respond to the Limitation Plaintiffs' April 3 e-mail on behalf of their clients.

10. On April 18, 2023, counsel for the Limitation Plaintiffs sent another e-mail to counsel for all the Claimants again informing them that the Limitation Plaintiffs want to sell the Vessel and again offering the Claimants the opportunity to inspect the Vessel before any sale. (the "Limitation Plaintiffs' April 18, e-mail"). A copy of the Limitation Plaintiffs' April 18 e-mail is attached as Exhibit A.

11. The Limitation Plaintiffs' April 18 e-mail states "We are willing to provide an inspection of the boat prior to any sale. That said, our clients want to sell the boat, and we see no reason that they should prohibited from selling once all parties are afforded an opportunity to review and inspect. Is there any objection to our offer of reasonable compromise?"

12. Counsel for Claimant Velkova objected to the reasonable compromise suggested in the Limitation Plaintiff's April 18 e-mail by his own e-mail on April 18, 2023 stating "The boat should remain unspoiled and protected until such time as defendant's deposition is taken and then destructive testing is done". ("Velkova's April 18 e-mail") A copy of Velkova's April 18 e-mail is attached as Exhibit A.

13. Velkova's Counsel failed to request an additional inspection of the Vessel in response to the Limitation Plaintiffs' April 18 e-mail, and counsel for Claimants Batochir and Houle did not respond to the Limitation Plaintiffs' April 18 e-mail on behalf of their clients.

14. Claimants Velkova and Botochir declined the opportunity for an additional inspection of the Vessel and Claimant Houle has declined the opportunity for an inspection of the Vessel.

15. Furthermore, the Claimants' interests are adequately protected by the Limitation Fund, to which the Claimants have failed to object.

16. There is no good faith reason to prohibit the sale of the Vessel because Claimants Velkova and Batochir have already inspected the Vessel, Claimants Velkova and Batochir declined the opportunity for an additional inspection of the Vessel and Claimant Houle declined the opportunity to inspect the Vessel. That said, the Limitation Plaintiffs agree to reasonable terms for the Claimants, and the Captain of the vessel who is not part of these proceedings, to inspect the vessel.

WHEREFORE, Theresa Tran and Chicago AquaLeisure, LLC request that this Court enter an Order:

1. Setting a date certain by which Claimants' counsel and any of their consultants shall conduct any additional inspection of the Vessel;

2. Authorizing the Limitation Plaintiffs to sell the Vessel after the date set by this Court pursuant to Paragraph 1 above.

Dated: April 25, 2023.                                    Respectfully Submitted,

                                                           ___/s/Robert J. Franco_____

Robert J. Franco                                           One of the Attorneys for the Limitation
John J. Moroney                                            Plaintiffs Chicago AquaLeisure, LLC and
Randall W. Slade                                           Theresa Tran
Franco Moroney Buenik, LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661-2510
(312) 469-1000
Robert.franco@francomoroney.com
John.moroney@francomoroney.com
Randall.slade@francomoroney.com

## **CERTIFICATE OF SERVICE**

      I, Robert J. Franco, an attorney, being first duly sworn on oath, depose and say that I served a copy of the above document by filing same with the Clerk of the Court using the CM/ECF system, on April 25, 2023, which will send notification of such filing to all counsel of record.


| | |
|---|---|
| Robert J. Franco | /s/ *Robert J. Franco* |
| John J. Moroney | One of the Attorneys for Defendants, Theresa |
| Randall W. Slade | Tran and Chicago Aqualeisure, LLC |
| **FRANCO MORONEY BUENIK, LLC** | |
| 500 W. Madison St., Suite 3900 | |
| Chicago, Illinois 60661 | |
| T: 312-469-1000 | |
| F: 312-469-1011 | |
| robert.franco@francomoroney.com | |