**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| THERESA TRAN, et al., | |
| Limitation Plaintiffs, | |
| v. | No. 1:22-cv-06478 |
| LANA BATOCHIR, MARIJA VELKOVA and JACOB HOULE, | Honorable Joan B. Gottschall |
| Claimants. | |

**LIMITATION PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**AMENDED MOTION TO APPROVE THE SALE OF THE VESSEL THE AQUAVIDA**

NOW COME the Limitation Plaintiffs, Theresa Tran and Chicago AquaLeisure LLC, by and through their attorneys, Franco Moroney Buenik and in support of their Amended Motion to Approve the Sale of the Vessel the Aquavida, state as follows:

## INTRODUCTION

Pursuant to the Limitation Act and Rules, Theresa Tran ("Tran") and Chicago AquaLeisure LLC ("AquaLeisure"), (collectively the "Limitation Plaintiffs") as owners of the vessel La Aquavida (the "AQUAVIDA" or the "Vessel") filed their Complaint in Admiralty for Exoneration from or Limitation of Liability" on November 18, 2022 (the "Limitation of Liability Complaint") regarding an incident which occurred in the navigable waters of Lake Michigan involving several potential claimants. (the "Incident") (Doc. No. 1). The nature of limitation actions are unique, as it is the vessel which addresses the amount of the limitation and provides the security.

Pursuant to the Limitation Act and Rules, Tran and AquaLeisure deposited $71,637.00 with the Clerk of this Court which is the value of the Vessel after the Incident (the "Limitation Fund"). An Affidavit of Value is attached to the Limitation of Liability Complaint stating that

1

the post Incident market value of the Vessel is $71,637.00 (Doc. No. 1-1). While there are two bases of security for the limitation amount, the vessel is inextricably tied to the security for the limitation.

After the Limitation of Liability Complaint was filed, this Court entered an Order Restraining All Suits and Directing Monition to Issue on November 28, 2022 (the "Stay/Injunction Order") (Doc. No. 11). Among other things, the Stay/Injunction Order stayed all actions against Tran, AquaLeisure and the AQUAVIDA relating to the Incident and directed that all persons regarding the Incident file their claims with the Clerk of the Court on or before January 25, 2023.

This case has been pending before this Court for nearly six months, and the Claimants have failed to file any pleadings objecting to the Affidavit of Value, objecting to the amount of the Limitation Fund or claiming that the Limitation Fund is inadequate.

On October 31, 2022 counsel for Claimant Batochir and her expert, Greg Davis, and counsel for Claimant Velkova inspected the Vessel. Since that date, Claimants have failed to request or make any effort to inspect the Vessel or have an appraiser value the Vessel.

In fact, Claimants failed to accept Limitation Plaintiffs' several recent offers for the opportunity to conduct an additional inspection of the Vessel before a sale.

On April 3, 2023, counsel for the Limitation Plaintiffs sent an e-mail to counsel for Claimants Velkova, Batochir and Houle informing them that the Limitation Plaintiffs seek to sell the Vessel and giving Claimants' counsel "advance notice in case anyone wants an inspection before the boat is sold". (the "Limitation Plaintiffs' April 3 e-mail") A copy of the Limitation Plaintiffs' April 3 e-mail is attached to the Limitation Plaintiffs' Amended Motion as Exhibit A.

Counsel for Claimant Velkova responded to the Limitation Plaintiffs' April 3 e-mail by his own e-mail on April 3, 2023 stating "Plaintiff objects to the selling of the boat and demands

2

that it be preserved" ("Velkova's April 3 e-mail"). A copy of Velkova's April 3 e-mail is attached to Limitation Plaintiffs' Amended Motion as part of Exhibit A.

Velkova's counsel failed to request an additional inspection of the Vessel in response to the Limitation Plaintiffs' April 3 e-mail, and counsel for Batochir and Houle failed to respond to the Limitation Plaintiffs' April 3 e-mail on behalf of their clients.

On April 18, 2023, counsel for the Limitation Plaintiffs sent another e-mail to counsel for all the Claimants again informing them that the Limitation Plaintiffs seek to sell the Vessel and again offering the Claimants the opportunity to inspect the Vessel before any sale. (the "Limitation Plaintiffs' April 18, e-mail"). A copy of the Limitation Plaintiffs' April 18 e-mail is attached to the Limitation Plaintiff's Amended Motion as Exhibit A.

The Limitation Plaintiffs' April 18 e-mail states "We are willing to provide an inspection of the boat prior to any sale. That said, our clients want to sell the boat, and we see no reason that they should prohibited from selling once all parties are afforded an opportunity to review and inspect. Is there any objection to our offer of reasonable compromise?"

Counsel for Claimant Velkova objected to the reasonable compromise suggested in the Limitation Plaintiff's April 18 e-mail by his own e-mail on April 18, 2023 stating "The boat should remain unspoiled and protected until such time as defendant's deposition is taken and then destructive testing is done". ("Velkova's April 18 e-mail") A copy of Velkova's April 18 e-mail is attached to the Limitation Plaintiffs' Amended Motion as Exhibit A.

Velkova's Counsel failed to request an additional inspection of the Vessel in response to the Limitation Plaintiffs' April 18 e-mail, and counsel for Claimants Batochir and Houle did not respond to the Limitation Plaintiffs' April 18 e-mail on behalf of their clients.

3

Thus, Claimants Velkova and Botochir declined the opportunity for an additional inspection of the Vessel and Claimant Houle has declined the opportunity for an inspection of the Vessel.

Limitation Plaintiffs agree to reasonable terms for Claimants Batochir and Velkova to inspect the Vessel a second time and for Claimant Houle and the Captain of the Vessel, who is not a part of these proceedings, to inspect the Vessel before the sale, provided it is within a reasonably limited time after this Court's ruling on the Motion.

## ARGUMENT

I. **THIS COURT HAS THE AUTHORITY TO GRANT THE LIMITATION PLAINTIFFS' AMENDED MOTION TO APPROVE THE SALE OF THE VESSEL**

This Court's broad equity jurisdiction together with the Court's authority to resolve discovery disputes give this Court the authority to grant the Limitation Plaintiffs' Amended Motion to Approve the Sale of the Vessel.

A. **This Court's Broad Equity Jurisdiction Gives This Court the Authority to Grant the Limitation Plaintiffs' Amended Motion to Approve the Sale of the Vessel**

This Court has broad equity jurisdiction to decide all issues and to award complete relief in this limitation of liability case, *Hartford Acc. & Indem. Co. of Hartford v. Southern Pacific Co*., 273 U.S. 207, 217-218 (1927), and this Court's broad equity jurisdiction gives the Court the authority to grant the Limitation Plaintiffs' Amended Motion to Approve the Sale of the Vessel.

The *Hartford* case involved a limitation of liability action where the surety for the limitation plaintiff/vessel owner signed an interim stipulation that the vessel owner, as principal, and Hartford, as surety would later post a bond or a further stipulation for the value of the vessel and freight plus interest as security for all claims. *Hartford, Id*., at 211-212.

However, the vessel owner and surety never posted the promised bond or further stipulation. After the District Court ruled against the vessel owner on the limitation of liability issue, the court ordered the surety to pay the cash value of the vessel to the court, to be distributed to the claimants in the case. *Hartford, Id*., at 212-213.

In its appeal to the Fifth Circuit Court of Appeals and to the Supreme Court the surety challenged the District Court's authority to order the payment to the court, claiming that: a) the interim stipulation ceased to be effective upon the denial of its claim for limited liability; and b) actions for claims against the vessel owner must be "conducted in a court having jurisdiction on other grounds". *Hartford, Id.,* at 213. The Fifth Circuit rejected the surety's challenge to the District Court's authority and affirmed the District Court's order on appeal. *Hartford Acc. & Indem. Co. of Hartford v. Southern Pacific Co*., 3 F. 2d 923, 925-926 (5th Cir. 1925)

On further appeal the Supreme Court also affirmed the District Court's order and addressed and rejected the surety's challenge to the District Court's jurisdiction and authority to enter its order. The Supreme Court first discussed the history of and the "equitable nature" of limitation of liability actions. *Hartford, Id*., at 215. The Court next discussed the broad equity jurisdiction which authorized the District Court to issue its order.

In affirming the District Court and the Fifth Circuit's rulings and in support of its decision, the Supreme Court stated "Where a court of equity has obtained jurisdiction over some portion of a controversy, it may, and will in general, proceed to decide the whole issues and award complete relief, even where the rights of parties are strictly legal, and the final remedy granted is of the kind which might be conferred by a court of law" *Hartford, Id*., at 217-218.

Several recent district court limitation of liability cases have shown the continued vitality of the Supreme Court's decision in the Hartford case by citing it as authority in their rulings, these

cases include *Matter of Hapag-Lloyd Aktiengesellschaft*, 573 F. Supp. 3d 934, 945 (S.D. NY 2021), *In re Mission Bay Jet Sports, LLC*, 2010 WL 1909531, fn. 4 (S.D. Cal. 2010), and *In re Wilson Marine Transporters*, 2001 WL 1012575, p. 2 (E.D. La. 2001).

As in the *Hartford* case, this Court's broad equity jurisdiction gives this Court the authority to consider and grant Limitation Plaintiffs' Amended Motion to Approve the Sale and thereby decide the "whole issues" and award "complete relief" in this case.

**B.      The Federal Rules of Civil Procedure Give This Court the Authority to Grant the Limitation Plaintiffs' Amended Motion to Sell the Vessel**

The Amended Motion to Approve the Sale of the Vessel involves a discovery dispute regarding the inspection of the Vessel, a dispute this Court has the authority to resolve.  Federal Rule of Civil Procedure 34(a)(1)(B) provides for the inspection of tangible things including the Vessel. FRCP 34(a)(1)(B).  The discovery dispute involves the extent to which Claimants Batochir and Velkova may delay or preclude the sale of the Vessel by demanding a second inspection of the Vessel on some yet undermined date, perhaps years in the future.

Discovery in lawsuits in federal courts is governed by the Federal Rules of Civil Procedure 26 through 37, and these rules provide for judicial intervention to settle disputes about the scope of discovery. *Identiseal Corp. of Wisconsin v. Positive Identification Systems, Inc.,* 560 F. 2d 298, 301 (7th Cir. 1977)

This discovery dispute remains and requires judicial intervention despite the prior inspection by Counsel for Claimant Velkova and Counsel for Claimant Batochir and her expert, and despite the Limitation Plaintiffs' several recent offers to allow a further inspection of the Vessel by all Claimants before sale.

On October 31, 2022, Counsel for Claimant Velkova and counsel for Claimant Batochir and her expert, Greg Davis inspected the Vessel.  Since that date, Claimants have failed to request or make any effort to inspect the Vessel or have an appraiser value the Vessel.

Rather, counsel for Claimants Batochir and Velkova have objected to the sale of the Vessel claiming the opportunity to inspect the Vessel a second time on some yet undetermined date, perhaps years in from now.

As described in detail above, Limitation Plaintiffs' counsel sent e-mails dated April 3, 2023 and April 18, 2023 informing Claimants' counsel that Limitation Plaintiffs seek to sell the Vessel and offering to allow further inspection of the Vessel before any sale.

Counsel for Claimants Batochir and Houle did not respond to these e-mails, while Counsel for Velkova objected to the sale of the Vessel demanding that it be "preserved" and claiming the opportunity to perform "destructive testing" on some yet undetermined date sometime in the future.  However, during the telephone conference discussed below, Counsel for Batochir discussed his agreement with Velkova's objection to the sale of the Vessel before the Captain's deposition.

On April 26, 2023 at about 3:39 p.m. Randall Slade, one of the attorneys for the Limitation Plaintiffs spoke by phone with Michael Ditore, Counsel for Claimant Batochir about Claimants Batochir's and Velkova's objection to the sale of the Vessel.  During that telephone conversation Ditore stated that additional testing or inspection might be needed depending on what the Captain says at his deposition. Slade responded that that an inspection of the Vessel had already occurred and stated the Limitation Plaintiffs would allow another inspection of the Vessel before the sale.

After this consultation by phone and despite good faith attempts to resolve their differences about the sale of the Vessel, Counsel for Limitation Plaintiffs and Counsel for Claimant Batochir

were unable to reach an accord to resolve the dispute regarding the sale of the Vessel without court action.

Counsel for Batochir's and Velkova's unreasonable request for a second inspection of the Vessel on some yet undermined date in the future pursuant to FRCP 34, is a discovery dispute which this Court has the authority to address and resolve. *Identiseal Corp. of Wisconsin v. Positive Identification Systems, Inc*., 560 F. 2d 298, 301 (7th Cir. 1977).

This Court has the authority to grant the Limitation Plaintiffs' Amended Motion, and the relevant factors discussed below support granting the Limitation Plaintiffs' Amended Motion.

## II. THE RELEVANT FACTORS, INCLUDING THE RISK OF DETERIORATION OF AND LOSS OF VALUE OF THE VESSEL, THE CONTINUING EXPENSE OF STORAGE AND OTHER GOOD CAUSE, SUPPORT THE GRANTING OF THE LIMITATION PLAINTIFFS' AMENDED MOTION TO SELL THE VESSEL

Supplemental Rule G for Admiralty and Maritime Claims governs forfeiture actions in rem arising from a federal statute, and Rule G(7)(b) provides the procedure for selling property including a vessel which has been seized in a forfeiture action. [1] *United States v. One 2005 Lagoon Sailing Catamaran*, 2017 WL 10573808, p. 2 (C.D. Cal. 2017). Rule G(7)(b)(i) lists the factors the court in a forfeiture action should consider in deciding whether to order the sale of the seized Vessel, including the risk of deterioration of the Vessel, the expense of keeping the Vessel in relation to its fair market value and good cause. These factors are equally applicable to and support

---

[1] Supplemental Maritime Rule F regarding Limitation Actions does not have a comparable provision governing the sale of a vessel, likely because the vessel in a Limitation Action is owned by the owner who has the right to sell the vessel after posting the required sum with the Court pursuant to Rule F(1)(a). The Limitation Plaintiffs as owners of the Vessel have posted the requires sum with the Court and have the right to sell the Vessel, but file this Amended Motion out an abundance of caution to address Batochir's and Velkova's objection. Furthermore, the specific sale provisions for authority to sell a vessel in Supplemental Rule G are necessary in a Rule G in rem/seizure case because in that proceeding the vessel has been seized by a third party who lacks the authority to sell the vessel without a court order.

the granting of the Limitation Plaintiffs' Amended Motion to Sell the Vessel. Limitation Plaintiffs request that this Court consider these factors in deciding the Amended Motion.

The Vessel, a 2003 Four Winds Vista boat, is already 20 years old (Doc. No. 1, p.1), and will likely deteriorate and lose value over time due to nonuse and exposure. There is no reason to allow the Vessel to deteriorate and lose value considering the prior inspection of the Vessel and the recent offers for an additional inspection before the sale of the Vessel.

The cost to store the Vessel, possibly for years, is excessive and disproportionate to its fair market value of $71,637 as of the November 2022. (Doc. No. 1-1) There is no reason to incur the storage costs considering the prior inspection of the Vessel and the recent offers for an additional inspection before the sale of the Vessel.

There is also no good reason to prohibit the sale of the Vessel and there is good cause to approve the sale of the Vessel. As discussed throughout the Amended Motion and this Memorandum Counsel for Claimants Batochir and her expert and counsel for Velkova: a) already inspected the Vessel in late October 2022; b) have since failed to make a specific request to further inspect or make any effort to inspect the Vessel or have an appraiser value the Vessel; and c) have failed to accept several very recent invitations from the Limitation Plaintiffs' counsel to further inspect the Vessel before it is sold.

Furthermore, Counsel for Claimant Houle has failed to accept several very recent invitations from the Limitation Plaintiffs' counsel to inspect the Vessel before it is sold. Limitation Plaintiffs also agree to reasonable terms for the Claimants Batochir and Velkova to inspect the Vessel a second time and for Claimant Houle and the Captain of the Vessel, who is not a party to these proceedings, to inspect the Vessel before any sale provided it is within a reasonably limited time after the Court's ruling on the Amended Motion.

9

Finally, the Claimants' interests are adequately protected by the Limitation Fund, to which the Claimants have failed to object or claim is inadequate.

## **CONCLUSION**

This Court's broad equity jurisdiction gives this Court the authority to grant the Limitation Plaintiffs' Amended Motion to Approve the Sale of the Vessel. The Amended Motion also involves a discovery dispute regarding the inspection of the Vessel under Federal Rule of Civil Procedure 34(a)(1)(B), a dispute which this Court has the authority to consider and resolve.

The relevant factors also support granting the Amended Motion. The Vessel is 20 years old and will likely deteriorate and lose value over time due to nonuse and exposure. The cost to store the Vessel, possibly for years, is excessive and disproportionate to its fair market value. Furthermore, there is no good reason to prohibit the sale of the Vessel and there is good cause to approve the sale considering the prior inspection by two of the three Claimants and the failure of all three Claimants to accept several recent invitations from Limitation Plaintiffs' counsel to inspect the Vessel before it is sold.

Finally, the Claimants' interests are adequately protected by the Limitation Fund, to which the Claimants have failed to object or claim is inadequate.

Dated: May 11, 2023.

Respectfully Submitted,

    /s/Robert J. Franco

Robert J. Franco
John J. Moroney
Randall W. Slade
Franco Moroney Buenik, LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661-2510
(312) 469-1000
Robert.franco@francomoroney.com
John.moroney@francomoroney.com
Randall.slade@francomoroney.com

One of the Attorneys for the Limitation Plaintiffs Chicago AquaLeisure, LLC and Theresa Tran

## <u>CERTIFICATE OF SERVICE</u>

I, Robert J. Franco, an attorney, being first duly sworn on oath, depose and say that I served a copy of the above document by filing same with the Clerk of the Court using the CM/ECF system, on May 11, 2023, which will send notification of such filing to all counsel of record.


Robert J. Franco                                         /s/   *Robert J. Franco*
John J. Moroney                              One of the Attorneys for Defendants, Theresa
Randall W. Slade                             Tran and Chicago Aqualeisure, LLC
**FRANCO MORONEY BUENIK, LLC**
500 W. Madison St., Suite 3900
Chicago, Illinois 60661
T: 312-469-1000
F: 312-469-1011
robert.franco@francomoroney.com